VALENTINE STOCKE, Respondent, *v.* BENJAMIN MUELLER, Appellant.

February 14, 1876.

1. An appellate court must set aside a judgment where there is no evidence whatever to support it.

2. In an instruction containing the words "unless *each member of the jury* believe," etc., and setting forth what facts must be found in order to a verdict for the plaintiff, it is not erroneous for the court to strike out the words "each member of."

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Hitchcock, Lubke & Player,* for appellant, cited: Wag. Stat. 782, sec. 1 (ed. 1872); Wag. Stat. 656, 657, secs. 5, 7; Tilford *v.* Ramsey, 43 Mo. 421; Blake *v.* Paulin, 22 Mann. 393; Moses *v.* Norton, 36 Mann. 113; Elder *v.* Warfield, 7 Har. & J. (Md.) 391.

*Joseph T. Tatum*, for respondent, cited : Brown on Stat. Fr. (3d ed.), sec. 157, and cases cited.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff sues defendant for a sum claimed to be due as balance of account for goods sold by plaintiff to defendant. The plaintiff testified that one Boehm, a brother-in-law of defendant, wanted to purchase flour of him, but he was unwilling to give credit to Boehm, whereupon Boehm stated that he had authority to buy for defendant. "So I called on defendant, and asked if he, Mueller, had a bakery on Market street, between Nineteenth and Twentieth. He said, Yes. I asked him whether he run that bakery. He said, No ; his brother-in-law run it. I asked him whether he gave him a power of attorney to buy flour for him, and he said he had a mutual agreement with Philip Boehm to buy flour in his (defendant's) name. I asked him if he intended to pay for what flour Philip Boehm might buy for Benjamin Mueller. He said, Yes ; why? I told him that Boehm bought two loads of flour in Mueller's name, and I asked him if he intended to pay for it. Benjamin Mueller says : Give him all he buys, and I pay for it." And, on cross-examination, plaintiff said : "Mueller said he would pay for all that was bought for the bakery. Boehm wanted two mules for the bread wagon ; Mueller used them. I never saw him drive them, but I have seen them a hundred times in the bread wagon. I delivered them to Boehm for Mueller." There was, also, evidence that another person sold flour to Boehm in Mueller's name, and that Mueller had said it was all right ; also, that the dray tickets for the flour delivered by plaintiff to the Camp Spring Mill, on Market street, which Boehm was running, were made out in Mueller's name, and that there was no name of any proprietor about the mill ; also, that when the bill sued on was presented to defendant, made out in defendant's name, he said it ought to be settled, and he would see Boehm about it ; also, that the goods were charged by plaintiff to Mueller, and not to Boehm.

The court gave the following instruction for plaintiff:

"If the jury believe from the evidence that defendant, Mueller, represented to plaintiff that Philip Boehm was carrying on the bakery on Market street in his, the defendant's, name, and that defendant was responsible for, and would pay for, such supplies for the said bakery as the said Boehm should buy, or that the said Boehm had authority to buy such supplies in the name of defendant; and if the jury further believe from the evidence the articles sued for were furnished by the plaintiff for the said bakery in pursuance of such representations, and that the prices charged for the same are correct, they will find for the plaintiff."

To the giving of this instruction defendant excepted.

The court gave the following instruction for defendant:

"The jury are instructed that the burden of proof in this case is upon the plaintiff, Stocke; and that they must find for the defendant, Mueller, unless they are satisfied from the evidence, and circumstances shown in evidence, in this case, that, at the time when the plaintiff sold and delivered the flour and mules, for the value of which this suit is brought, the defendant, Mueller, was proprietor of the bakery mentioned by the witness, or that, before such sale, the defendant authorized Philip Boehm, upon the credit of, and in, defendant's name, to purchase and receive said articles; and, in considering the evidence, the jury may disregard the testimony of any witness who they believe has willfully sworn falsely to any material fact here in controversy."

This instruction, as asked, read, "unless *each member of the jury* are satisfied," etc. The court struck out the words "each member of the jury," and inserted "they" in place of them. To this action of the court defendant excepted.

The court also gave the following instruction for defendant:

"The jury are also instructed that, although they may

believe that defendant authorized Philip Boehm to use his name for the purpose of getting credit with the witness Meyer for flour to be used in the bakery named by the witness; and that defendant, at another time, expressed to plaintiff the opinion that said Boehm was good for what he had purchased, or might hereafter purchase, from the plaintiff; and that defendant, at another time, promised to plaintiff's agent that he would try to induce said Boehm to settle or pay plaintiff's bill, these facts are not competent to make defendant liable to plaintiff, Stocke, in this action, if from the evidence the jury also believe that defendant was not the proprietor of the bakery mentioned by the witness (or authorized the purchase of the flour); and the jury are further instructed that the fact that plaintiff, upon his own books and upon the pass-book held by said Boehm, charged in defendant Mueller's name the articles here sued for, does not make defendant liable for the value of said articles unless defendant authorized such charges to be made against him.''

This instruction, as given by the court and set out above, was the instruction asked by defendant, except that the court modified it by inserting the words '' or authorized the purchase of the flour.'' To this modification of the instruction no exception is saved.

The jury found for the plaintiff. A motion for a new trial was overruled, to which defendant excepted, and brings the case here by appeal.

An oral promise to pay the debt of another is void, under the statute of frauds. If, therefore, there was no evidence whatever in this case that the debt was originally the debt of defendant, the verdict must be set aside. The bill of particulars filed with the petition is not incorporated into the bill of exceptions, but it is evident from the testimony that the articles sold and delivered were flour, and also a pair of mules. Now, there is nothing whatever in the testimony tending in any degree to show that defendant, Mueller,

ever authorized, or in any way sanctioned, the purchase of any mules, or of anything but flour. There is not, therefore, any evidence to support the verdict, and, for this reason, the judgment of the courts below must be reversed.

There was no error in changing the words "each member of the jury" into "they," in the instruction granted. The jury is each member of the jury, in their collective capacity—eleven jurors are not the jury.

The judgment of the Circuit Court is reversed and the cause remanded. The other judges concur.

A motion for rehearing was filed, which, however, presented no point not previously considered, and was overruled.