### CLEARMAN *v.* CLEARMAN.

(*Supreme Court, Special Term, New York County.* October 11, 1888.)

DIVORCE—ABANDONMENT—SEPARATION FROM BED AND BOARD

A husband left his wife, announcing his intention never to live with her again, and testified, in an action for a legal separation, that he would not resume his relation of husband to her, and would not live in the same house with her. He had furnished her with certain sums of money for her support and that of her two infant children, and had visited her apartments every day to see the children, but all relations between himself and her had been abandoned by him. *Held,* that there was an abandonment, which entitled the wife to a separation from bed and board, and the custody of the children, with proper provision as to the husband visiting them.

*L. F. Post,* for plaintiff.    *W. S. Jarvis,* for defendant.

PATTERSON, J. This action is brought by a wife to procure a separation from bed and board under subsection 3, § 1762, Code Civil Proc. She alleges that her husband has abandoned her. The defenses are two: *First,* that there has been no abandonment within the meaning of the law; and, *second,* that a separation was agreed upon between the parties. Of the second defense it is not necessary to say anything further than that the proof fails to establish such an agreement, and, at most, shows that negotiations were had looking to such an end, but that they were not consummated, and the terms were never agreed upon.

The real question in the case is, has the defendant abandoned the plaintiff? It is proven conclusively that on May 5, 1885, he left the plaintiff, announcing his intention never to live with her again, and this intention he has carried into effect; and he has gone so far as to say upon this trial that he will not resume his relation of husband to her,—will not live in the same house with her, nor give her his society, companionship, or home. He has contributed to or provided for her support; that is to say, from the time he left her he has furnished her certain money for her support and that of her two infant children, who are of such tender years that they cannot be taken from their mother; and he visits the apartment of his wife every day to see the children, and on such visits sometimes sees the plaintiff; but all relations between himself and her have been abandoned by him, despite her earnest entreaties and desire to have him return.

It is very difficult to frame a comprehensive definition of abandonment as it is used in the section of the Code under consideration. It may be equivalent to desertion, but for the purposes of this case it may be regarded as the cessation by plaintiff from living with his wife, with a fixed determination not to resume such living with her, and the absence of her consent to such separate living, and of conduct on her part justifying her husband's withdrawal. In this case all matrimonial relations between the parties have ceased by the act of the defendant. He persists in living separate from his wife, and will not, under any circumstances, as he says, resume living with her. She has not consented to this, but has time and again asked the defendant to change his purpose. The whole evidence evinces an unalterable determina-

tion on his part to repudiate all the duties of a husband, except that of contributing to the support of his wife; and the impression the testimony makes on my mind is that he does this for his children rather than for her.    But this provision for her support does not relieve him from the charge of abandonment.    It is none the less desertion if a husband refuses to live with his wife, although he does support her, (*Magrath* v. *Magrath*, 103 Mass. 577, 579,) and here this support is liable to be withdrawn at any time, although that might be prevented by an order under another section of the Code, without a decree of separation.    I am of opinion that the plaintiff has shown enough to entitle her to judgment, and allowing her the custody of the children, with proper provision as to the defendant visiting them, and allowing her a fixed monthly sum for her and their support.