(5 Misc. Rep. 555.)

### GIBERT v. GIBERT.

(Common Pleas of New York City and County, Equity Term. November, 1893.)

DIVORCE—ABANDONMENT AND FAILURE TO SUPPORT.

An agreement between a husband and wife, by which the wife is to live apart from her husband, in consideration of his promise to pay an annual sum for her support, is revocable at the pleasure of either party, because it is against public policy; and therefore, where the wife's offer to return to her husband is refused by him, and he does not provide for her support, she is entitled to a separation, with alimony, on the ground of abandonment and nonsupport.

Action by Annie T. Gibert against Audinet Gibert for separation from defendant's bed and board, because of his abandonment of plaintiff, and neglect or refusal to provide for her support. Judgment for plaintiff.

John D. Townsend, for plaintiff.
John E. Parsons and Edward M. Shepard, for defendant.

BISCHOFF, J. I am of the opinion that, upon the facts in evidence, plaintiff is entitled to judgment for separation from defendant's bed and board, with a suitable provision for alimony, and the costs of this action. The causes which induced the parties to this action to enter into an oral agreement among themselves, in September, 1885, to live separate and apart from each other, I regard as wholly immaterial. The enforcement of such an agreement is contrary to public policy, and the agreement itself was therefore revocable at the pleasure of either party. Schouler, Husb. & Wife, § 471, etc.; Stew. Husb. & Wife, § 40, etc.; Greenh. Pub. Pol. p. 489; Rogers v. Rogers, 4 Paige, 516. The several statutes of this state which enable a married woman to contract the same as a feme sole affect only her separate estate, and to do not otherwise destroy the legal unity of husband and wife. Their personal status, and their respective obligations which arise from the conjugal relation, remain unchanged; and the husband, therefore, continues bound to harbor, protect, and support his wife, until upon just complaint, and for one of the causes prescribed by law, he is freed from that obligation by judicial decree. Stew. Husb. & Wife, §§ 14, 15; Cooley, J., in Snyder v. People, 12 Amer. Rep. 302, 303. Galusha v. Galusha, 138 N. Y. 272, 33 N. E. 1062, cited on the trial by de-

fendant's counsel, is to the effect that the wife is not entitled to alimony in addition to the sum provided to be paid for her support, pursuant to a tripartite agreement, by the terms of which the husband remains liable upon his covenant to pay to the wife's trustee, in consideration of the latter's covenant to save the husband harmless from the debts of the wife contracted for necessary support, and that in such a case, it appearing that the agreement was not made to induce husband and wife to separate, the remedy is upon the agreement. That case is, however, readily distinguishable from the one at bar. An agreement made with an intervening trustee for the wife, providing for her support pending separation, and not made to induce the separation of husband and wife, is not objectionable on grounds of public policy, and has been repeatedly declared to be operative and valid. In the present case, however, the promise of the defendant to pay an annual sum for his wife's support was made in consideration of plaintiff's consent to live separate and apart from her husband, and, since the consideration is abhorrent on grounds of public policy, the agreement fails. In December, 1891, pending a cessation of legal hostilities between the parties, plaintiff offered, unconditionally, to return to defendant's bed and board. Her offer was refused by him, and both before and since that time, and up to the time of the commencement of this action, he persistently refused to contribute in any way towards her support. These facts constitute both abandonment and neglect, or refusal to support, within the meaning of section 1762 of the Code of Civil Procedure. Ahrenfeldt v. Ahrenfeldt, Hoff. Ch. 47; Ruckman v. Ruckman, 58 How. Pr. 278; Clearman v. Clearman, (Sup.) 2 N. Y. Supp. 356. The decree should be settled on notice.