CHARITY HUNGERFORD, Respondent, v. ORRIN HUNGERFORD, Appellant.

*Husband and wife — an agreement for separation made during coverture is void — set aside when induced by a continued course of ill-treatment — complaint in an action to annul it — offer by the wife to return to her marital duties.*

A court of equity is justified in setting aside, at the suit of a wife, a separation agreement executed between her and her husband, of which the wife has had the benefit for three years, where it appears that, although there was no actual fraud or duress, the wife was moved to execute it by her husband's long-continued ill-treatment.

*It seems,* that an agreement of separation executed between a husband and wife before separation, and for the express purpose of creating a separation, is void as against public policy — it is certainly voidable.

Where a wife who lives apart from her husband pursuant to a separation agreement, brings an action to set aside the agreement, offering to restore what remains of what she received under it, the objection that the complaint contains no specific offer on the part of the wife to return to her marital duties is untenable, as her purpose to do so is sufficiently indicated by her conduct in assuming a position in hostility to the agreement.

*Semble,* that at most this objection would go only to the question of costs.

APPEAL by the defendant, Orrin Hungerford, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 2d day of November, 1896, upon the report of a referee vacating and setting aside an agreement of separation made between the parties, who were husband and wife, on the 12th of October, 1892, and for costs.

No case has been made, but exceptions were filed to the finding of the referee upon questions of law, and the appeal was heard upon these exceptions and upon the judgment roll. The facts are stated in the opinion of the court.

*Henry Purcell,* for the appellant.

*Arthur L. Chapman,* for the respondent.

WARD, J. :

The appellant seeks to reverse this judgment upon the facts found by the referee and appearing in the judgment roll. The evidence taken before the referee is not before us, and the question for our consideration is as to whether the judgment should be sustained upon the admission in the pleadings and the findings of the referee. In determining this question we treat the findings as established facts in the case.

The referee found that the parties were husband and wife; that they were married in 1883, and continued to live together as husband and wife until October, 1892; that prior to the marriage, and in consideration thereof, the defendant agreed to pay the plaintiff $2,000, which he had not done; that during the period of their cohabitation the wife conducted herself properly, and discharged her duties as a wife in all respects; that soon after the marriage the defendant became dissatisfied with his wife, and treated her in a harsh, unkind and tyrannical manner, and continued to do so almost constantly up to the time of their separation; that he scolded and found fault with her; told her that he did not care for her; called her a fool; said she was wasteful and extravagant, and finally told her to leave; attempted at different times to scare and frighten her in the night; on different occasions knocked her down, locked her up in the house, assaulted her with a pitchfork, and so maltreated her that, on the 12th of October, 1892, she could probably have maintained an action against him for separation; that, because of such ill-treatment, she improvidently entered into an agreement, on the 12th of October, 1892, while they were still living together, whereby the defendant was to pay her $1,000 and transfer to her certain articles of personal property, and thereafter they were to live separate; the defendant, in no manner, to support his wife, or she to render to him any service as a wife, and that she accepted the said amount in full satisfaction of her support and maintenance, and all alimony whatsoever during her coverture, and in full satisfaction of her dower in his estate. The contract recited:

" WHEREAS, the parties hereto have mutually agreed to live separate and apart from each other, and *previous to such separation*, the said Orrin Hungerford having consented thereto, and also proposed and agreed that he, out of his own proper moneys, would pay to the

said Charity, his wife, the sum of one thousand dollars, and would transfer to her certain articles of household goods, as agreed upon between them, for her better support and maintenance;

"Now, this indenture witnesseth."

Then followed the agreement above set forth.

The referee further found that "the long-continued course of ill-treatment by defendant of her (the plaintiff) improperly and unjustly moved plaintiff to enter into said agreement," and that while there was no express duress or fraud practiced upon the plaintiff at the time of the execution of the said agreement, yet she was moved to execute the same as aforesaid; that at the time of the making of the agreement the defendant was worth $9,000; had no one dependent upon him for support; that the amount furnished the plaintiff under said agreement was entirely inadequate for her support; that she was sixty-six years old, in poor health, and unable to earn anything.

As a conclusion of law the referee found that the said agreement should be vacated and set aside and the plaintiff restored to her marital rights, and as it appeared that some of the money that she had received from her husband was in a house and lot, that she should quitclaim that to the husband, and execute a bill of sale of the personal property received from him remaining in her possession.

The action was commenced in November, 1895. Shortly before commencing the action the plaintiff served a written demand upon the defendant that he consent to and vacate the said instrument of separation, she offering to restore what she had of what she had received thereunder, otherwise she should commence the action, which demand the defendant refused to comply with.

The learned counsel for the appellant claims that as the agreement of separation was made in view of separation, and as the plaintiff has had the benefit of the agreement for about three years, she is bound by that agreement, and it is valid. He further claims that she should have offered, before commencing her action, to have returned to her husband and resumed her marital duties.

The agreement of separation was void as against public policy. It was executed between the parties before separation, and for the express purpose of creating a separation. While the courts have sustained agreements of separation after the parties have separated, and the breaking up of the family was an accomplished fact, they have, with

scarcely a dissent, held agreements of separation, with a view of destroying the family relation, void. (1 Bish. on Mar. & Div. [6th ed.] §§ 635, 637; *Tallinger* v. *Mandeville*, 48 Hun, 152; affd., 113 N. Y. 427; *Whitney* v. *Whitney*, 4 App. Div. 597; *Gibert* v. *Gibert*, 26 N. Y. Supp. 30.)

But assuming that the agreement of separation was voidable only, the referee found that it was created under such circumstances as a court of equity would be justified in setting it aside. While the referee found that there was no actual fraud practiced upon the plaintiff to induce her to execute this agreement, still she was compelled to execute the same by a moral coercion, such as would justify the court in relieving her from its conditions. (*Aldridge* v. *Aldridge*, 120 N. Y. 614.)

The objection that there was no specific offer on the part of the plaintiff, in her complaint, to return to her marital duties, and that for that reason relief should be denied her, is not tenable. When she assumed a position of hostility to the agreement of separation and sought to cancel it, and offered to restore all that remained of what she had received thereunder, she indicated a purpose to resume her marital relations. At most this objection goes to the question of costs.

The judgment should be affirmed, with costs.

All concurred.

HARDIN, P. J. (concurring):

There is nothing in the case of *Magee* v. *Magee* (67 Barb. 490) which aids the contention of the appellant. In that case the agreement under consideration was executed after the parties had separated. It is stated in the opinion as follows: "They had actually separated and were living apart at the time such agreement was made. The agreement, was, therefore, valid."

In *Shelthar* v. *Gregory* (2 Wend. 422) the agreement which was the subject of consideration was made with a trustee of the wife.

In *Baker* v. *Barney* (8 Johns. 73) the parties parted by consent in December, 1808, and "in the Spring of 1809 it was understood that the writings between the husband and wife were executed."

*Desbrough* v. *Desbrough* (29 Hun, 593) was an action to procure a divorce from bed and board on the ground of abandonment and neglect to provide for the wife and, therefore, differs from the case in hand.

Clearly, the burden rested upon the defendant to establish that

the instrument executed between him and his wife was not pro-
cured by fraud or undue influence. (*Weller* v. *Weller*, 44 Hun,
172, and cases there cited.)

I think the conclusion reached by the learned referee is supported
by the facts found by him. I, therefore, concur in the opinion of
WARD, J., for affirmance of the judgment.

Judgment affirmed, with costs.