(32 Misc. Rep. 312.)

### TAYLOR v. TAYLOR.

(Supreme Court, Special Term, St. Lawrence County. July, 1900.)

DIVORCE—ALIMONY—AGREEMENT OF PARTIES.
Where, on a separation agreement between husband and wife, the latter, on payment of a certain sum, has released the former from all liability for support, and also any interest in his property, in a subsequent action by the wife for absolute divorce, she is not entitled to alimony.

Action by Minnie A. Taylor against Luther A. Taylor for absolute divorce. Judgment for plaintiff.

Bowers & Russell, for plaintiff.
Worth Chamberlain, for defendant.

HOUGHTON, J. The plaintiff sues the defendant for absolute divorce. In July, 1883, the plaintiff left the defendant, and brought

an action against him for separation on the ground of cruel and inhuman treatment. On the 29th of August, 1883, the plaintiff and defendant entered into articles of separation, and in consideration of the payment to the plaintiff of the sum of $1,500, the plaintiff released the defendant from all liability for support and interest in his property, and agreed to live separate and apart from him. The agreement thus executed was the usual articles of separation. In 1895 the defendant procured a divorce from the plaintiff in the state of South Dakota, on the ground of desertion, and subsequently, and before the commencement of this action, married in Canada a woman with whom he is now living in this state. It is conceded that the Dakota divorce is a nullity, and that the plaintiff is entitled to a decree; but the plaintiff insists that she is entitled to alimony as well, because the agreement between her and defendant was void as against public policy, and, if not, that the subsequent misconduct of the defendant restores the right of the plaintiff to demand support. The defendant denies this, and contends that because the agreement is an executed one, it is binding upon the parties, and the plaintiff cannot, therefore, now demand greater support than that provided in the agreement.

I think the defendant's contention must prevail. Agreements for separation, with a view of destroying the family relation, have frequently been held to be void as against public policy (Gilbert v. Gilbert, 5 Misc. Rep. 555, 26 N. Y. Supp. 30; Friedman v. Bierman, 43 Hun, 387; Tallinger v. Mandeville, 113 N. Y. 432, 21 N. E. 125; Hungerford v. Hungerford, 16 App. Div. 614, 44 N. Y. Supp. 973); but where separation has taken place, as in this case, before the execution of the agreement, such contracts have been uniformly sustained (Tallinger v. Mandeville, 113 N. Y. 432, 21 N. E. 125; Hungerford v. Hungerford, 16 App. Div. 615, 44 N. Y. Supp. 973; Pettit v. Pettit, 107 N. Y. 679, 14 N. E. 500; Magee v. Magee, 67 Barb. 490). Where the agreement remains executory, and is sought to be enforced by either party, the objection as against public policy is good; but where the agreement has been executed, the law will not interfere with what has been done, even though the agreement be an illegal one. The law simply refuses to enforce agreements against public policy; but when the parties have executed the agreement, it does not intervene to relieve either party. The law has no more concern with respect to public policy or general welfare, and leaves the parties in the position in which they have placed themselves. Where the separation exists, therefore, as a fact, and is not produced or occasioned by the contract, the consideration of the husband's agreement to pay is his release from liability for the support of his wife. Pettit v. Pettit, 107 N. Y. 679, 14 N. E. 500. And where such valid agreement exists, either husband or wife may, notwithstanding the existence of such agreement, maintain against the other the ordinary action for divorce, limited or absolute, according to the ground, and whether the ground accrued before or after the agreement was entered into. Clark v. Fosdick, 118 N. Y. 16, 22 N. E. 1111, 6 L. R. A. 132; Carpenter v. Osborn, 102 N. Y. 560, 7 N. E. 823. And a subsequent violation of the marriage vow by the

defendant does not vitiate the separation agreement, which is conclusive upon the parties until it is set aside. Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487; Id., 138 N. Y. 284, 33 N. E. 1062. It follows that plaintiff is entitled to a decree of absolute divorce, with costs, and without alimony. Judgment for plaintiff, with costs, and without alimony.