(50 Misc. Rep. 295)

### TRUST CO. OF AMERICA v. NASH

(Supreme Court, Appellate Term. May 2, 1906.)

CONTRACTS—HUSBAND AND WIFE—SEPARATION AGREEMENT—VALIDITY.

> A separation agreement required the husband to pay the wife $50 per month so long as she did not remarry, and provided that, in case the wife should obtain an absolute divorce, the provisions should continue, notwithstanding any alimony awarded to the wife, provided that the decree of divorce should provide for no greater alimony than $150 per month, terminable upon the happenings of the same events. *Held*, that the separation agreement was not invalid on the theory that it offered the wife a premium to procure a divorce, since, aside from the agreement, the wife might have obtained a larger sum than $150 a month alimony, and might have continued to receive it notwithstanding a remarriage.
>
> [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 517.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Trust Company of America, as guardian of the estate of Nadine Nash, against Henry P. Nash. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Clarence De Witt Rogers, for appellant.

Hurry & Dutton (John A. Dutton, of counsel), for respondent.

SCOTT, P. J. In February, 1903, the defendant and Clara Louise Nash, his wife, had separated by mutual agreement, and were living apart. At that time they entered into an agreement whereby, through the intervention of a trustee, the defendant undertook to make provision for his said wife and their infant child, Nadine Nash. By this agreement the defendant agreed to pay to the trustee, for the benefit of the wife and the infant daughter, the sum of $100 per month. It was stipulated that, if the wife should marry again, the monthly payment should be reduced to $50 a month, which was to be devoted exclusively to the benefit of the child, the payments to continue during her minority. If the child died or attained her majority, and the wife had not remarried, the payments were likewise to be reduced to $50 per month, to be applied to the benefit of the wife. It was further provided that if in the future the wife should apply for and obtain a decree of absolute divorce from the defendant, then the latter would execute a bond obligating himself to pay directly to said wife the sums provided to be paid to the trustee, and upon the same terms and conditions. Certain of the contingencies provided for in the agreement happened. The defendant's wife did sue him for an absolute divorce, which she obtained, and de-

fendant executed the bond which he agreed to execute, which was assigned by the wife to the plaintiff herein as general guardian of the infant Nadine Nash, and to enforce which this action is brought.   Since her divorce the wife has remarried, and the defendant is consequently released from any obligation to her arising from the agreement or the bond; the only remaining beneficiary being the aforesaid infant.   The defense to the action is based upon the supposed invalidity of the original agreement of February, 1903, which, as is quite rightly urged, constitutes the only basis and consideration for the bond attempted to be enforced by this action.   This supposed invalidity is found in a clause which, as the appellant insists, offers a premium to the wife to procure a divorce from her husband.   The clause for which this effect is claimed reads as follows:

"And it is further agreed that, in the event that the party of the second part [Clara Louise R. Nash] shall obtain an absolute divorce from the party of the first part [the defendant herein], the provisions herein shall continue and the payments herein provided for to be made by the party of the first part shall continue to be paid, notwithstanding any alimony that may be awarded to the party of the second part in any decree of absolute divorce, it being expressly understood that the provisions herein contained for such payments shall be in addition to any payment provided for in such decree; provided, however, that said decree of divorce shall provide for no greater sum of alimony than $150 per month, payable in the same manner, at the same times, and for the same periods as the sum of $100 per month above agreed to be paid, and for the same purposes, and terminable in the same proportions, upon the happening of the same events; and provided, further, that no application shall be made by the party of the second part for alimony or counsel fee pendente lite."

If this agreement could fairly and reasonably be construed as offering an inducement and advantage to the wife if she would procure a divorce from her husband, it would clearly be contrary to public policy and void.   France v. France, 79 App. Div. 291, 79 N. Y. Supp. 579; Train v. Davidson, 20 App. Div. 577, 47 N. Y. Supp. 289.   In my opinion, however, it cannot be so construed.   It is true that the agreement throughout contains provisions from which it may be inferred that the parties contemplated the possibility of an action for divorce in which the wife would be plaintiff, and provision was made for certain contingencies which might result from such an action if successful. This, however, was not in itself unlawful, so long as no premium was put by the agreement upon the procuring of such a divorce.   It was not a premium to provide that the payments contemplated by the agreement should continue to be made, notwithstanding any alimony that might be awarded, for that provision affected not the alimony, but the sums provided for by the agreement itself, and only expressed what the law itself would have decreed, to wit, that an award of alimony would not supersede the separation agreement, so far as concerns the sums agreed to be paid by that agreement.   Chamberlain v. Cuming, 99 App. Div. 563, 91 N. Y. Supp. 105; Hughes v. Cuming, 36 App. Div. 302, 55 N. Y. Supp. 256.   Otherwise the clause in question is purely restrictive, and confines the wife to less than she might have obtained in her divorce decree if the agreement had been silent upon the subject.   It does not provide, as the appellant argues more ingeniously than ingenuously, that she shall be awarded alimony at the rate

of $150 per month, but distinctly provides that she shall not receive more than that sum, which is a very different matter, and left it quite open to the defendant to persuade the court that his wife should be awarded less than the sum named. We know nothing, of course, as to the defendant's means, but it is not impossible, or even improbable, that without this restrictive clause the court might have awarded much greater alimony than the wife could claim under her agreement. So, also, in providing that whatever alimony was awarded should be terminable in the same proportion upon the happening of the same events as was provided respecting the money to be paid under the separation agreement, the wife was required to stipulate that, as concerned alimony which might be awarded, her beneficial interest therein should cease upon her remarriage; a provision which is not usually inserted in decrees of divorce. In short, under the clause now claimed to invalidate the agreement, the wife could in no event ask for more than $150 per month alimony, and might receive any less sum that the court thought proper to award; no restriction being placed upon any efforts the husband chose to make in that direction, and of whatever alimony was awarded the wife could enjoy the benefit only while she remained unmarried, while if the separation agreement had been silent as to the amount of alimony to be awarded the wife might have obtained a much larger sum than $150 per month, and might have continued to receive it notwithstanding her remarriage. It seems to me that in every aspect the clause can be considered only as restrictive upon the wife, limiting her in the event of a divorce to less than she might otherwise have received, and imposing no restrictions upon any efforts the husband might see fit to make to lessen the alimony. While we may not and will not lend our aid to the enforcement of contracts holding out inducements to the seeking of a divorce, we are not called upon to give a forced and strained construction to a contract which on its face and according to its plain language offers no such inducements. The separation agreement is not a contract so framed as to take effect only on the granting of a divorce, as was the case in Speck v. Dausman, 7 Mo. App. 165, much relied upon by the appellant. Here the separation agreement became effective upon its execution without regard to any divorce, and neither gained nor lost anything by reason of the subsequent divorce. It cannot be said that reference to a possible future divorce of itself invalidated the agreement, for, if sufficient cause existed or came into existence, the wife was entitled by law to sue for and obtain a divorce, and the agreement in no wise affected that right. For the rest, the provisions of the agreement based upon the possible contingency of a divorce were obviously inserted for the protection of the husband, and not for the advantage of the wife. She restricted herself as to what she would ask by way of alimony; no restriction was placed upon him as to resisting her application, even if confined to the maximum amount mentioned in the agreement.

In my opinion, the judgment is right, and should be affirmed, with costs.

BISCHOFF, J., concurs; TRUAX, J., taking no part.