## LAKE v. LAKE.

(Supreme Court, Appellate Division, Third Department. December 3, 1909.)

1. CONTRACTS (§ 111*)—CONTRACTS IN CONTEMPLATION OF DIVORCE—VALIDITY.

A contract between husband and wife, by which the husband agreed to pay her $2,000, and deliver to her certain household furniture in full satisfaction of all claims against him, and to make no demand, either before or after judgment, for attorney's fees, counsel fees, alimony, or support in any action pending, which consideration was to be delivered to her only when she obtained a divorce, was contrary to public policy, and void.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 515–520; Dec. Dig. § 111.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CANCELLATION OF INSTRUMENTS (§ 28*)—PERSONS ENTITLED—CLEAN HANDS.

Where plaintiff, prior to securing a divorce from defendant, participated in a contract, by which she was to receive from him $2,000 and certain personal property in full discharge of her claims against him conditioned on her obtaining a divorce, she did not come into equity with clean hands in a suit to set aside the contract after obtaining the divorce, and was not therefore entitled to equitable relief.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 43–46; Dec. Dig. § 28.*]

3. DIVORCE (§ 240*)—ALIMONY—INVALID CONTRACT—BENEFITS.

Though a contract between husband and wife, conditional on her obtaining a divorce was void, the court would consider the benefits obtained by her thereunder in considering her subsequent application after divorce.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 675–678; Dec. Dig. § 240.*]

4. CANCELLATION OF INSTRUMENTS (§ 24*)—VOID CONTRACT—VACATION—SURRENDER OF BENEFITS.

Plaintiff was not entitled to maintain a suit to set aside a void contract with her former husband conditioned on her obtaining a divorce without restoring to him what she had received thereunder so far as she was able.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 33–38; Dec. Dig. § 24.*]

Appeal from Trial Term, Washington County.

Action by Grace M. Lake against L. Frank Lake. From a judgment for plaintiff on the pleadings, defendant appeals. Reversed, and new trial granted.

See, also, 128 App. Div. 932, 934, 113 N. Y. Supp. 1136.

Plaintiff brings this action in equity against her former husband, against whom she has procured a judgment of divorce, to have vacated and declared null and void a contract executed between them pending the action for divorce. The contract is set forth in full in the complaint, and is admitted by the defendant. After reciting that differences existed between the parties by reason whereof they were living separate and apart from each other, and that the plaintiff had on the same day when the contract was executed commenced an action for divorce, it provided that the defendant would permit his wife to reside where she might elect and would not make any claim to her services or society or property; that the plaintiff would not make any claim to any property which the defendant then might have or might thereafter acquire; that she would accept the provisions of the contract in full satisfaction of all claims against the defendant, past, present, and future; that she would make no claim "either before or after judgment for attorney's fees, counsel fees, alimony, or support in any action pending" or that might be thereafter brought for divorce or separation; that she should have as her own property certain specified household furniture; that the defendant should pay the sum of $2,000 in full satisfaction of the matters mentioned in the contract, and provision was therein made whereby said amount was to be held and retained until a judgment of divorce should be entered, and immediately upon the entry thereof paid to the plaintiff. Subsequently to the execution of this contract a judgment of divorce was procured. It appears, also, both from the complaint and the answer, that the contract has been fully executed by payment to plaintiff of the entire consideration thereof.

At the trial of this action the court directed a judgment on the pleadings in favor of plaintiff on the ground that it appeared therefrom that the contract was executed for the purpose of procuring a divorce, and was for that reason void as against public policy.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

C. O. Pratt (Edgar T. Brackett, of counsel), for appellant.

Amasa J. Parker (Danforth E. Ainsworth and Charles B. Sullivan, ·of counsel), for respondent.

COCHRANE, J.  We agree with the learned trial justice that the contract was void as against public policy.  We also think it was contrary to the spirit of section 21 of the domestic relations law (Laws 1896, p. 220, c. 272), in force when the contract was executed, which ·provided that "a husband and wife cannot contract to alter or dissolve the marriage," and that its tendency was to defeat the provisions of that statute.

In Speck v. Dausman, 7 Mo. App. 165, a contract similar to this ·was condemned; the court saying:

"It is quite settled that contracts between husband and wife, so framed as to have effect only on condition that a divorce should be granted, are contrary to public policy, and will not be enforced by the courts. Their tendency is to interest the party to be benefited in procuring or permitting a divorce. And, though chancery will recognize and enforce some liabilities between husband and wife growing out of implied trusts, and even some growing out of express ·contracts, yet the courts will never lend themselves to the enforcement of a contract intended to promote the dissolution of marriage."

In Trust Company of America v. Nash, 50 Misc. Rep. 295, 98 N. Y. Supp. 734, the court said of an agreement there under consideration that, if it "could fairly and reasonably be construed as offering an in-·ducement and advantage to the wife if she would procure a divorce from her husband, it would clearly be contrary to public policy and void," and cited and distinguished the case of Speck v. Dausman, supra.  It has been held that an agreement by a wife to compensate her attorney for his services in prosecuting for her an action for separation by giving him a percentage of the alimony to be recovered is against public policy, for the reason that it tends to produce a dis-·solution of the marriage contract.  Van Vleck v. Van Vleck, 21 App. Div. 272, 47 N. Y. Supp. 470;  Matter of Brackett, 114 App. Div. ·257, 99 N. Y. Supp. 802.

Recognizing the right of husband and wife living separate and apart from each other to contract under proper conditions for the proper support and maintenance of the latter, nevertheless no such contract ·can be sustained where, as in this case, no benefit is to be derived therefrom by the wife, except in the event of the dissolution of the marriage.  It is clear beyond question that the effect of this contract was to stimulate her energies in bringing about such a result.  Only by her success in so doing could she receive any benefit under the ·contract.  More than that by its express provisions she was deprived ·of all right to make any claim for support or maintenance or any kind of claim against her husband's property unless the marriage was dissolved.  She could not even claim temporary alimony pending a ·divorce action.  The natural and necessary tendency of such a contract is the destruction of the marriage relation.  It must therefore receive the disapproval of the courts.

But, if it be necessary for the plaintiff to have this contract vacated by a court of equity, the court is constrained to refuse its assistance to that end, for the reason that plaintiff does not approach the court

with clean hands. She participated in the unlawful arrangement knowing it was unlawful when she made it, and she is not therefore now at liberty to ask the court to undo the work of her own hands. No principle in equity jurisprudence is better established. It is stated in 9 Cyc. 546, as follows:

"The law in short will not aid either party to an illegal agreement. It leaves the parties where it finds them. Therefore neither a court of law nor a court of equity will aid the one in enforcing it, or give damages for a breach of it, or set it aside at the suit of the other, or, when the agreement has been executed in whole or in part by the payment of money or the transfer of other property, lend its aid to recover it back."

In Gillet v. Phillips, 13 N. Y. 119, it is said:

"The contract was not only unauthorized, but illegal. No action could be sustained upon it, if executory, in his favor, nor to set it aside, if executed."

In Taylor v. Taylor, 32 Misc. Rep. 312, 66 N. Y. Supp. 561, Mr. Justice Houghton, in discussing an agreement between husband and wife claimed to be void as against public policy, aptly said:

"Where the agreement remains executory, and is sought to be enforced by either party, the objection as against public policy is good; but, where the agreement has been executed, the law will not interfere with what has been done, even though the agreement be an illegal one. The law simply refuses to enforce agreements against public policy; but, when the parties have executed the agreement, it does not intervene to relieve either party. The law has no more concern with respect to public policy or general welfare, and leaves the parties in the position in which they have placed themselves."

This agreement in question relates only to the pecuniary affairs of the parties, and in respect thereto the public welfare is no more concerned than if the parties were not husband and wife. Plaintiff does not attack the judgment of divorce, and, so far as appears, is content therewith. The annulment of this contract by the court would not to any extent tend to preserve the marriage tie or maintain the family relation or conserve social order or a sound policy, nor does the plaintiff seek the intervention of the court for that purpose. Hence there is no reason why the court should take action except such as the plaintiff may suggest for her own pecuniary benefit and for reasons heretofore stated the court is constrained to leave her in the position in which she has voluntarily placed herself. Plaintiff alleges in her complaint that she executed the contract as the result of duress and coercion on the part of her husband, but this is denied, and is unsubstantiated by evidence. On this judgment directed as it was on the pleadings, we must assume that plaintiff made the contract voluntarily and with a full realization of its purport and consequences.

It should be observed, however, that, if this contract is void as against public policy, it will not stand in the way of such provision for the support and maintenance of the plaintiff as the court may deem proper and an action to have it vacated is unnecessary. Maney v. Maney, 119 App. Div. 765, 104 N. Y. Supp. 541, while the court for the reasons stated will not vacate the contract, neither will it enforce it or give it any recognition except to take into consideration the benefits which plaintiff may already have received thereunder when she

makes application in proper form against the defendant for suitable provision for her support and maintenance.

It would seem, also, that the judgment is wrong in not requiring plaintiff to make restoration of what she has received under the contract so far as it is in her power to do so. Hungerford v. Hungerford, 161 N. Y. 550, 56 N. E. 117. It is alleged in the answer which for the purposes of this appeal must be taken as true that the household furniture, which plaintiff received under the contract was worth $650. It does not appear that she cannot return this property, nor that she has expended for her support what the defendant paid her under the contract.

The judgment should be reversed, without costs, and a new trial granted.

CHESTER and SEWELL, JJ., concur. KELLOGG, J., concurs in result. SMITH, P. J., not voting.