WINIFRED ABELES, Plaintiff, *v.* DAVID ABELES et al., Defendants.

Supreme Court, Special Term, New York County, March 29, 1950.

*Louis J. Schwartz* for plaintiff.

*Harry Greenberg* for defendants.

WALTER, J. Plaintiff sues for $20,000 unpaid part of a stated sum of $25,000 due her under the terms of a separation agreement made between her and her former husband in writing on

January 10, 1949. Defendant defends upon the grounds (1) the written agreement is but part of a complete oral agreement, one term of which was that plaintiff would procure a Jewish divorce, and she has breached the agreement by failing to obtain it, and (2) the agreement, even as written, is, in effect, an attempt to contract to dissolve the marriage and hence is illegal and void. Plaintiff moves for summary judgment.

1. The written agreement is complete upon its face and covers in a comprehensive way the subject of the payments to be made by defendant to plaintiff, and a new provision not expressed therein cannot be added by parol (*Mitchill* v. *Lath,* 247 N. Y. 377).

2. Plaintiff argues that defendant is estopped by a decree of divorce subsequently obtained by her from challenging the validity of the separation agreement; but although the Florida decree which plaintiff obtained refers in general terms to '' a property settlement agreement '', it does not ratify or approve or adopt or direct compliance with such agreement or mention the provision thereof for the payment of the sum of money for which plaintiff now sues; and for that reason I think there is no estoppel (*Flood* v. *Thiesing,* 298 N. Y. 700; *Yates* v. *Yates,* 183 Misc. 934, 941).

I thus must pass upon the question as to the validity of the agreement.

3. The agreement does not in terms or upon its face provide that either party is to obtain a divorce from the other and, of course, the mere fact that after the agreement was made plaintiff went to Florida and there obtained a divorce on June 1, 1949, does not of itself invalidate the agreement.

But after providing that defendant shall pay plaintiff $90 per week, the agreement further provides that on June 6, 1949, he shall pay her $25,000 and transfer to her his Lincoln automobile, and then it further provides that if the parties are still united in the bonds of matrimony on June 1, 1949, the foregoing terms, covenants and agreements shall cease to be binding upon either party, but if either party shall have obtained an absolute divorce the foregoing covenants and agreements shall continue in full force and effect.

The agreement thus in effect provides that plaintiff is to get $25,000 and a Lincoln automobile if she obtains a divorce by June 1, 1949, and is not to get either if she fails to obtain such divorce. A substantial inducement to get and a reward for getting a divorce are thus held out to her; and it thus would seem to be an agreement which is '' promotive of divorce '' and which '' stimulates a divorce '', and its invalidity would seem to be

indicated by *Lake* v. *Lake* (136 App. Div. 47) ; *Schley* v. *Andrews* (225 N. Y. 110) and *Gould* v. *Gould* (261 App. Div. 733) as well as by some of the language in the opinion in *Matter of Rhinelander* (290 N. Y. 31, 37) though not by the holding in that case.

Nevertheless, in *Butler* v. *Marcus* (264 N. Y. 519) the agreement there involved provided that generous payments for the wife's support should stop at the end of a year if the parties were still married. There, too, therefore, the agreement similarly provided that the wife was to get generous payments if she obtained a divorce and was not to get them if she failed to obtain such divorce. There, too, therefore, the agreement held out to her an inducement to get a divorce and a reward for getting it; and yet, in an action by the wife to recover sums due her under the agreement, the husband's defense that the agreement was invalid was stricken out and summary judgment was awarded the wife.

There was no opinion in *Butler* v. *Marcus* (*supra*) in either the Appellate Division (239 App. Div. 912) or the Court of Appeals, and the report of the case does not clearly state that payments to the wife were to cease at a stated time if the parties were still married; and it, perhaps, is that fact which accounts for the statement in the opinion in *Gould* v. *Gould* (261 App. Div. 733, 736, *supra*) that the agreement in *Butler* v. *Marcus* (*supra*) did not stimulate the procurement of a divorce.

But examination of the record on appeal in *Butler* v. *Marcus,* (*supra*) shows beyond possibility of argument that the agreement in that case provided money for the wife if she procured a divorce, which she would not get if she did not obtain a divorce; and that same fact is specifically and pointedly stated in the analysis of the case in *Matter of Rhinelander* (290 N. Y. 31, 38, *supra*). See, also, *Commissioner of Internal Revenue* v. *Hyde* (82 F. 2d 174, 175) where *Lake* v. *Lake* (*supra*), *Schley* v. *Andrews* (*supra*) and *Butler* v. *Marcus* (*supra*) are all cited.

I am unable to differentiate this case from *Butler* v. *Marcus* (*supra*) and upon the authority of that case I am constrained to hold that the agreement here is valid and grant plaintiff's motion for summary judgment.