In the Matter of the Estate of JENNIE M. HUTCHINS, Deceased.

Surrogate's Court, Montgomery County, April 28, 1933.

*Frank L. Cubley,* for the executor.
*Carl S. Salmon,* for the petitioner.
*Jerome S. Lovenheim,* special guardian.

AULISI, S. This proceeding is brought to construe the last will and testament of Jennie M. Hutchins. The will was executed on the 28th day of February, 1924, while testatrix was residing in the village of Potsdam, N. Y. The decedent died on the 22d day of March, 1932, a resident of the city of Amsterdam, N. Y., leaving her surviving a daughter, Ethel Hutcheon, her only heir at law and next of kin, and a granddaughter, Marguerite Fredericka Van Guildar Hutcheon. After making certain provisions which are not questioned in this proceeding, the will provides as follows:

" *Third.* All of the rest, residue and remainder of my property of every name and nature I hereby give, devise and bequeath unto Frank L. Cubley, Esq., of Potsdam, N. Y., in trust, however, to keep the same properly invested in good and approved securities and use the interest and income therefrom as in his discretion may seem reasonable and necessary, for the support and maintenance of my daughter, Ethel Hutcheon (but only if she be separate and apart from her husband, John Hutcheon) and for the support and maintenance of my grand-daughter Marguerite Fredericka Van Guildar Hutcheon, so long as the said Ethel Hutcheon shall live, such income payments to be made to said parties in such proportions and at such times as said trustee may decide; and I also authorize and empower the said trustee to use and expend so much of the principal of the said trust as in his discretion may appear necessary and proper for their proper support and maintenance in the event that the use of said interest and income in the manner aforesaid is in his judgment insufficient."

Ethel Hutcheon, daughter of testatrix, was married to John Hutcheon several years prior to the execution of the will and a daughter, Marguerite Fredericka Van Guildar Hutcheon, was born out of said wedlock. The Hutcheons have not only never lived separate and apart during the entire period of their married life but have always been and now are happily united in the city of New York. Prior to the execution of the will the testatrix resided with her daughter and son-in-law in the city of Amsterdam, N. Y., for about a year. She left her daughter's home and some time later went to Potsdam, N. Y., where she made her will.

There is no doubt in my mind but that the design of the testatrix was that her daughter, Ethel Hutcheon, should inherit the estate only in the event that she be separate and apart from her husband, John Hutcheon. No other conclusion can be drawn from the language of the will.

The fundamental aim of the court in interpreting a will is to ascertain the intent of the testator. When that purpose has been made sure of, it must control, unless it is contrary to public policy

or to some established rule of law. The law favors a construction which will not tend to the disinheriting of heirs, unless the intention so to do is clearly expressed. Where the actual and primary intent, as collected from the whole instrument, is in harmony with the policy of the law, the courts will aid it by construction, but where it is subversive of that policy the same principle favors a construction which will defeat it.

The language of the will being clear and the intent of the testatrix being definite and certain, the only question to be determined is whether the clause in question is obnoxious to public policy.

While the testatrix had the right to give her property to whomsoever she chose, she could not do that which has a tendency to be injurious to the public good. A contract which binds one of the parties to do that which is contrary to the policy of the law is void, no matter how solemnly it may have been made. So a testamentary disposition designed to carry into effect some purpose which the law regards as immoral, illegal or indiscreet, will be held void. Our modern society is built about the home. Its perpetuation is essential to the welfare of the community. The law looks with disfavor upon any contract by which a husband and wife agree to separate and live apart from each other in the future, because such an agreement breaks up the home, and tends to dissolve or alter the marriage relation. The testatrix by her will did not restrain the continuation of the marriage relation between her daughter, Ethel Hutcheon, and her husband in so many words, but if the condition in her will were carried out the result would be the same. The condition attempted to be imposed by the testatrix had no other object than to effectuate a design to separate her daughter from her husband.

Therefore, the necessary conclusion is that the condition was wholly void and the daughter, Ethel Hutcheon, takes under the will the same as if the condition had not been sought to be made in the will. Decree accordingly.