LOUISE G. GOULD, Respondent, *v.* WILLIAM S. GOULD, Appellant.

First Department, May 2, 1941.

*Francis A. Mahony* of counsel [*Ironside & Mahony*, attorneys], for the appellant.

*Robert J. Sykes*, for the respondent.

COHN, J. The action is brought upon a written guaranty. In her complaint, plaintiff alleges that she entered into a written contract with her former husband, Henry S. Gould, wherein he agreed to pay her the sum of $175 per month for a period of three years beginning September 1, 1937, as an allowance for her support and maintenance; that defendant, William S. Gould, duly guaranteed in writing the aforesaid payments; that Henry S. Gould failed to pay the sum of $175 due on December 1, 1939, and a like sum due on January 1, 1940; that because of such defaults a judgment was recovered by plaintiff against Henry S. Gould in the sum of $368.55; that execution duly issued thereon was returned unsatisfied and the judgment remains wholly unpaid; that due demand was

made upon defendant for the payment of said sum, and that defendant has refused to pay the same.

Pursuant to section 78 of the New York City Municipal Court Code, a copy of the guaranty agreement was filed in the Municipal Court, where the action had been instituted. The writing which is thus deemed a part of the pleading, reads:

" *October* 5th, 1937.

" Mrs. HENRY S. GOULD,
New York, N. Y.
" DEAR LOUISE:

" I have read the Separation Agreement between you and Henry dated September 10th, 1937, and understand that there is a question in your mind as to Henry's ability to make the payments provided for therein. I also understand that you and Henry have decided that you will proceed promptly with an Action for an Absolute Divorce against Henry in the State of Nevada, and that you will obtain the Divorce within four months from the date of the Separation Agreement.

" Upon this understanding, and upon the following conditions, I guarantee the payments Henry had agreed to make to you:

" 1. That you honestly perform your part of the Separation Agreement.

" 2. That you promptly proceed with an Action for an Absolute Divorce against Henry in the State of Nevada.

" 3. That you obtain a Divorce from Henry within four months from the date of the Separation Agreement.

" Please thoroughly understand that this guaranty will become void and of no effect immediately upon the violation of any one of the three conditions above set forth.

" Very truly yours,
" (sgd) WILLIAM S. GOULD."

This agreement upon which plaintiff predicates her suit against defendant is illegal and void. By its express terms it guarantees payments which plaintiff's husband " had agreed to make " upon the understanding that plaintiff promptly proceed with an action for absolute divorce against her husband in the State of Nevada, and that she obtain a divorce within four months from the date of the separation agreement entered into between them. Patently, the contract is intended to facilitate the obtaining of a divorce and to promote the dissolution of the marriage relationship between plaintiff and defendant's son. It is well settled that such a contract is void as against public policy. There is an intimate connection between the sanctity of the marriage relationship and

the well-being of society. The law favors marriage and it does not sanction contracts designed to promote its dissolution by lending itself to their enforcement.

The courts of this State have uniformly held that all agreements which are supported by a consideration or an inducement tending to encourage the severance of the marriage relationship are abhorrent to public policy, and are, therefore, illegal and unenforcible. (*Schley* v. *Andrews*, 225 N. Y. 110; *McDonald* v. *McDonald*, 228 App. Div. 341; *Lake* v. *Lake*, 136 id. 47; *France* v. *France*, 79 id. 291; *Train* v. *Davidson*, 20 id. 577.)

In *Schley* v. *Andrews* (*supra*) the Court of Appeals, by McLAUGH-LIN, J., said (at p. 113): "The agreement was entered into by the plaintiff for the sole purpose of inducing the defendant to procure a divorce. This the defendant at the time of the execution thoroughly understood, since the agreement provided that if she did not do so, it and the confession of judgment were to be of no effect. The confession, the court found, was intended as collateral security for the payment of the amounts stipulated in the agreement to be made. The agreement and confession were illegal. (Domestic Relations Law [Cons. Laws, ch. 14], sec. 51.) They constituted a fraud upon the law. They were against public policy, and could not be enforced by legal process. * * * "

In *Lake* v. *Lake* (*supra*) the court used the following apposite language (at pp. 49 and 50): "Recognizing the right of husband and wife living separate and apart from each other to contract under proper conditions for the proper support and maintenance of the latter, nevertheless no such contract can be sustained where, as in this case, no benefit is to be derived therefrom by the wife except in the event of the dissolution of the marriage. It is clear beyond question that the effect of this contract was to stimulate her energies in bringing about such a result. Only by her success in so doing could she receive any benefit under the contract. * * * The natural and necessary tendency of such a contract is the destruction of the marriage relation. It must, therefore, receive the disapproval of the courts."

In an effort to sustain the validity of the agreement, plaintiff points out that when it was executed on October 10, 1937, she and her former husband had been living separate and apart since September 10, 1937, the date of the separation agreement. Though all these details do not appear in the complaint or in the writing made part thereof, the existence of these facts may reasonably be inferred. Accordingly, the plaintiff argues that since there was such a separation when the guaranty agreement was given by defendant, it was not intended thereby to induce the dissolution

of the marital relationship. Notwithstanding that defendant's son and plaintiff had agreed to and were living separate and apart, they were still husband and wife when the agreement of guaranty was signed. There was yet time for them to compose . their differences and become reconciled. Whether or not the parties be separated, the law none the less remains zealous to preserve the marriage status and will not countenance a contract, the direct tendency of which is to wholly dissolve the marital relationship.

The case of *Butler* v. *Marcus* (264 N. Y. 519), upon which plaintiff relies, is clearly distinguishable. The agreement there did not in any way stimulate the procurement of a divorce by either party.

" A contract which binds one of the parties to do that which is contrary to the policy of the State or nation is void, no matter how solemnly it may have been made." (EDGCOMB, J., *Matter of Hughes*, 225 App. Div. 29, 31; affd., 251 N. Y. 529.) In the case at bar the promise made to plaintiff, which is the basis of her suit, was conditioned upon the prompt procurement by her of an absolute divorce from her husband. Such an agreement, which called upon the wife to do what is repugnant to the public policy of this State, is void and unenforcible. The motion to dismiss the complaint for failure to state a cause of action should have been granted in the Municipal Court.

The determination of the Appellate Term and the order of the Municipal Court should be reversed, without costs, and the motion to dismiss the complaint granted.

O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Determination of the Appellate Term and the order of the Municipal Court unanimously reversed, without costs, and the motion to dismiss the complaint granted.