BELLE GERSHMAN, Plaintiff, *v.* LAFAYETTE NATIONAL BANK, MAURICE GERSHMAN and ISIDORE GERSHMAN, Defendants.

Supreme Court, Special Term, Kings County, April 22, 1942.

*Samuel Shapiro*, for the plaintiff.

*Samuel Beinhart*, for the defendants Gershman.

CUFF, J. Motion by defendants Gershman to dismiss the complaint because it fails to state a cause of action. The action is for breach of contract. Defendants charge that the contract is an illegal agreement and, as such, void in that its terms contravene our public policy. Contracts supported by consideration or inducements which tend to encourage divorce or separation do violence to the State's public policy. (*Gould* v. *Gould*, 261 App. Div. 733.) They may not be enforced. The contract sued upon is the usual separation agreement except for one feature. By paragraph 5 the plaintiff (wife) agrees to execute a power of attorney " so that thereby he [the husband] may be enabled to institute a proceeding for divorce against her." The form of the power of

attorney is agreed upon; it is annexed to the agreement. It will be noted that the wife does not agree to suffer a divorce decree to be obtained against her. She merely signed a power of attorney in blank wherein she authorized that attorney " to act for me and to represent me in any suit for divorce that may be brought against me in [three named States] by my husband * * * with full power * * * to do any and all acts and things that may be * * * done by an attorney, including the authority to accept service of complaint and summons, and other process in my behalf, to demur, answer, or otherwise plead * * * or move * * *." The power of attorney also provided that the attorney appointed thereunder should have no claim for his services against the wife.

The agreement, therefore, means that in the event that a divorce action is commenced by the husband, in the three States (not including New York) named, he may select an attorney to represent his wife and that she would not be financially responsible for the services of that attorney in that action. There is no restriction placed upon the attorney or the wife. The divorce suit may be defended and even defeated. No provision in the contract would interfere. The mere fact that the husband is empowered to select the attorney carries with it no implication that the attorney would not perform his full duty to his client. I venture to say that there is a presumption, as obtains in favor of public officials, that he would.

The provision in this contract dealing with the payment of the $4,500 introduced no illegality into the pact. The payment of money under separation agreements is common. Because the delivery of this money was withheld by the contract until (viewing things at their worst) sufficient time (December 17, 1941, to March 1, 1942) elapsed for the husband to complete a divorce action, or because the delivery of such funds would be advanced in the event that the culmination of the divorce action was realized at an earlier date (defendants argue that that clause was intended to induce plaintiff to act), did not taint the agreement with illegality. The consideration in the contract sued upon was not an inducement to plaintiff to allow her husband to divorce her, nor may it be regarded as encouraging him in his quest for a final decree. It dealt with matters — the couple, in fact, being separated and living apart — with respect to which people may contract, and it mentioned and provided for none of those subjects or acts which the law forbids.

Motion denied.