Louis F. Reed, Jr., Plaintiff, v. Marie H. Robertson, Defendant.

Supreme Court, Trial Term, New York County, June 23, 1949.

*Wilkie, Owen, Farr, Gallagher & Walton* for plaintiff.

*Cullen & Dykman* for defendant.

O'Brien, J. This is an action to recover monthly sums due under a written agreement between a husband and his wife.

The contract provides that the plaintiff would enter a personal appearance in an action for divorce instituted by the defendant in Nevada and that the defendant would make certain monthly payments. It also contains provisions relative to the custody of a child of the marriage.

At the time the contract was executed the parties were husband and wife, although they had been separated for about two years. The defendant admits signing the document and making payments thereunder for approximately twelve years but now contends that the writing sued upon is invalid and illegal in that it violates the law and public policy of the State of New York.

Upon the trial considerable latitude was allowed the defendant in the presentation of her case. Testimony ordinarily not admissible were a jury present, was admitted so that the court might be appraised of the entire setting. Stripping the case of its nonessential and inadmissible testimony and construing the instrument of agreement itself, I am of the opinion that the contract is a valid one and not violative of section 51 of the Domestic

Relations Law to the extent of directly tending toward the dissolution of the marriage (*Matter of Rhinelander*, 290 N. Y. 31; *Graham* v. *Hunter* 266 App. Div. 576).

The agreement did not alter in any way the then existing marital status of the parties. It constitutes an agreement to appear in an action in the forum of the defendant's choosing. Nor does the contract in any way tend to relieve the husband from his legal responsibilities. It did not contain a promise to refrain from contesting the divorce action. It left plaintiff completely free to contest the action on the merits if he so desired. Strained constructions should not be employed to declare a written contract invalid (*Werner* v. *Werner*, 169 App. Div. 9).

The case of *Gould* v. *Gould*, (261 App. Div. 733) upon which defendant's counsel rely is readily distinguishable. The agreement in that case provided " That you [wife] promptly proceed with an Action for an Absolute Divorce * * * in the State of Nevada " and " That you obtain a divorce * * * within four months ". As the Appellate Division, per COHN, J., observed (p. 734) the obligation to pay was made " upon the understanding that plaintiff promptly proceed with an action for absolute divorce ". There was no such understanding in the agreement in question. The obligation of this plaintiff was to appear in the court of the foreign State and no more. Once having appeared he could litigate or no but he made no undertaking not to litigate. That such may have been the intention is not beyond the realms of conjecture but this unambiguous agreement permits of no conjecture beyond its expressed provisions. These provisions, as has been pointed out, do not indicate the agreement to have a direct tendency toward dissolving the marriage within the meaning and language of *Matter of Rhinelander* (*supra*).

This court is ever zealous in its efforts to sustain the sanctity of marriage and uphold the law in relation to the preservation of the marital status but I do not believe that the elements necessary to vitiate this agreement have been established and upon the evidence which I have chosen to accept and the agreement itself, judgment is directed in favor of the plaintiff in the sum of $44,550 ($1,650 times 27 months) with interest in the sum of $1,650 from the 10th day of April, 1947, and upon a like sum from the 10th day of each and every month thereafter to and including the 10th of June, 1949.

Thirty days' stay and sixty days to make a case.