In the Matter of the Construction of the Will of KATE H. G. BONNER, Deceased.

Surrogate's Court, New York County, June 1, 1950.

*Bleakley, Platt, Gilchrist & Walker* for United States Trust Company of New York, as trustee under the will of Kate H. G. Bonner, deceased, petitioner.

*Alfred J. Bedard* for Robert E. Bonner, 2d, and others, respondents.

*Stewart & Shearer* for Trustees of Princeton University, respondent.

*Menahem Stim,* special guardian for June M. Clark and another, infants, respondents.

FRANKENTHALER, S. The court has been asked to make a preliminary ruling upon the question of construction raised in the petition in order that the interests of the parties in the trust fund may be determined at this stage of the accounting proceeding. Deceased's will created the trust for the primary benefit of her son. The will provides that, in the event the son was survived by a wife who was living at the date of deceased's death and who was " living with " the son at his death, a portion of the trust principal be held in a secondary trust for the benefit of such wife. The will contains an alternative disposition of the entire trust principal to the son's issue in the event the conditions prerequisite to the existence of the secondary trust should not be met. The persons entitled to take under such alternative disposition are the adult children of the son. The special guardian for an infant grandchild of the son and an infant niece of the son has filed a preliminary report from which it appears that the special guardian's wards, as contingent remaindermen of the secondary trust, will have no interest in this proceeding if the alternative disposition in the will is effective.

The conceded facts are that deceased's son was survived by a wife who was living at the time of the death of the testatrix but from whom the son had been separated for many years and with whom he was not living at the time of his death. The

son's widow has appeared in this proceeding but disclaims any interest in the trust fund. The special guardian suggests that the secondary trust must be held to be effective if the separation of the son from his wife was unjustified since under any other construction of the will its provisions would violate public policy in that they would offer an inducement to the son to sever the marriage relationship. (*Matter of Liberman,* 279 N. Y. 458; *Matter of Hutchins,* 147 Misc. 462; *Gould* v. *Gould,* 261 App. Div. 733, 735.) The special guardian suggests that a question of fact is presented as to whether the separation of the son from his wife was justified or constituted an abandonment.

The court holds that the will provision under construction is not contrary to public policy. (*Matter of Rothchild,* 271 App. Div. 582, affd. 298 N. Y. 538; *Matter of Rothchild,* 85 N. Y. S. 2d 881.) The will contains no inducement to the son to separate from his wife. The benefit to him under the will was wholly unaffected by his marital relationship. His separation from his wife or their divorce would affect the inheritance of other persons after his death but would result in no advantage either to the son during his lifetime or to his estate after his death. Nothing in the alternative dispositions of the trust remainder tends to induce any action in contravention of public morals. It is held, upon the conceded facts, that the trust remainder is payable to the lawful issue of the income beneficiary.

Proceed accordingly.