MARY DE JARA ALMONTE, Appellant, v. JUAN DE JARA ALMONTE, Respondent.

First Department, April 19, 1940.

*Chauncey E. Treadwell* of counsel [*Lucile Pugh*, attorney], for the appellant.

*Jacob Zelenko,* for the respondent.

PER CURIAM. In this action for separation and to rescind a separation agreement for fraud the court dismissed appellant's complaint upon the ground that up to the date of trial she had continued to accept monthly payments of alimony as provided in the separation agreement and that she was thereby estopped from maintaining an action to rescind.

A contract between husband and wife is upheld only where the provision for the maintenance of the wife or children is suitable and equitable. (*Hungerford* v. *Hungerford,* 161 N. Y. 550, 553; *Goldman* v. *Goldman,* 282 id. 296.) As it is asserted by appellant that the agreement of separation made inadequate provision for her support and that it was procured by fraud and duress, she is not debarred from prosecuting an action to rescind such an agreement by reason of the fact that she continues to accept monthly payments of alimony provided therein, where such alimony is necessary for her support and without which she would be destitute. (*Vose* v. *Vose,* 280 N. Y. 779; *Everett* v. *Everett,* 242 App. Div. 650. See, also, *Winter* v. *Winter,* 191 N. Y. 462, 474; *Galusha* v. *Galusha,* 138 id. 272, 284.) In *Drane* v. *Drane* (207 App. Div. 217), upon which respondent relies, this court held that where a contract of separation was valid in its inception and was being duly performed there was no legal justification for an action in separation. Here, however, the complaint specifically alleges facts in support of appellant's claim that the agreement was invalid in its inception for fraud. In the circumstances the complaint should not have been dismissed.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — MARTIN, P. J., O'MALLEY, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.