THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN AARON ROBBINS, Appellant.— Order of the County Court of Suffolk County, denying a motion in the nature of a writ of error *coram nobis,* affirmed. The petition indicates that appellant was asked the question required by section 480 of the Code of Criminal Procedure. This is confirmed by the extract from the clerk's minutes, set forth in the answering affidavit. Under these circumstances, no issue has been raised that requires a hearing. (*People* v. *Bowser,* 196 N. Y. 296, 299–300; *People* v. *Richetti,* 302 N. Y. 290; *People* v. *Varelli,* 277 App. Div. 887, affd. 302 N. Y. 641; *People* v. *Martine,* 278 App. Div. 966, affd. 303 N. Y. 789.) Carswell, Acting P. J., Johnston, Wenzel, MacCrate and Schmidt, JJ., concur. [See *post,* p. 951.]

∎

HAROLD L. VALENTINE et al., Appellants, v. ANNE VALENTINE, Respondent.— On March 12, 1941, plaintiff Harold Valentine obtained a Florida decree of divorce from defendant. On April 17, 1941, he married plaintiff Grace Valentine. On November 10, 1941, defendant obtained a declaratory judgment in this State that the Florida decree was invalid. On June 15, 1942, this court affirmed that judgment (264 App. Div. 881). On September 3, 1942, defendant, appearing specially, filed a petition in the Florida court to set aside the decree on the ground that the court had no jurisdiction to grant the divorce. On December 15, 1942, defendant's petition was dismissed. In August, 1951, this action was instituted for a declaratory judgment that the Florida divorce decree be adjudged valid on the ground that the special appearance by defendant in the Florida action in September, 1942, and the proceedings thereafter taken in the Florida court constituted a general appearance. Plaintiffs also request that the declaratory judgment of November 10, 1941, be vacated. The amended answer is a general denial, including a denial of the allegations that defendant's appearance in the Florida court constituted a general appearance. Defendant also alleges two affirmative defenses, the first that the declaratory judgment of November 10, 1941, is *res judicata,* the second that plaintiffs are guilty of laches. Plaintiffs moved to strike the defenses for insufficiency. The motion was denied and plaintiffs appeal. Order reversed on the law, without costs, and motion granted, without costs. This action is based on acts occurring subsequent to the declaratory judgment of November 10, 1941. If plaintiffs do not prove the allegations of the complaint that the acts of defendant in the Florida court in September, 1942, and thereafter constituted a general appearance in the Florida divorce action, their complaint will be dismissed for failure of proof and not because of a defense of *res judicata.* The second defense is also insufficient. Either the alleged special appearance of defendant in the Florida court in September, 1942, constituted a general appearance or it did not. If it did and the Florida divorce was thereby validated, the fact that plaintiffs did not institute this action for nine years after the validation would not make the Florida divorce less valid. If the alleged special appearance did not constitute a general appearance, the complaint will be dismissed for failure of proof and not because of laches. Carswell, Acting P. J., Johnston, Wenzel, MacCrate and Schmidt, JJ., concur. [See *post,* p. 896.]