JANE E. CHUSID, Plaintiff, *v.* SOL CHUSID, Defendant.

Supreme Court, Special Term, Queens County, May 27, 1955.

*Hyman Bravin* for plaintiff.

*Frank Kreitzberg* for defendant.

HOGAN, J. The parties hereto were married at Reno, Nevada, on June 24, 1952. At that time the plaintiff was eighteen; defendant some seven years her senior. Both parties were and are residents of New York except for the alleged residence of the defendant in Reno and a brief sojourn by both in California following the marriage. This defendant had been previously married and of that union there is one child. There is no issue of the present marriage.

The plaintiff seeks an annulment upon the ground that defendant's previous marriage has never been legally dissolved or, in the alternative, a separation upon the ground of defendant's cruel and inhuman treatment.

Defendant denies the material allegations, pleads the validity of the Nevada divorce and counterclaims for separation on the ground of abandonment.

It seems that the parties, prior to the Reno marriage, were served in New York with an order seeking to enjoin the Nevada divorce proceeding. Despite this order the defendant and this plaintiff left for Reno where the defendant obtained his decree of divorce from his first wife on June 24, 1952. On the same day he married this plaintiff. They went to California. Defendant was unsuccessful in obtaining employment and returned to New York. He was followed very shortly by the plaintiff wife. In September, 1954, this action was commenced.

From the evidence it appears that this defendant's first wife was not personally served in Nevada nor did she appear in the Nevada action or participate therein in any way. On April 8, 1954, this defendant and his first wife entered into a written agreement which provided, among other things, that she would enter an appearance in the Nevada divorce action for the purpose of submitting to the jurisdiction of the Nevada court and would authorize an attorney to appear for her so as to enable that court to procure personal jurisdiction and thereby cause the original divorce decree of June 24, 1952, to be amended *nunc pro tunc.* Accordingly and on April 16, 1954, an amended decree of divorce

was obtained by this defendant from his first wife amending the original decree of June 24, 1952, *nunc pro tunc* and noting the appearance and answer of the wife.

The question presented to this court is substantially as follows: If a marriage is vulnerable by reason of a former spouse being alive and not duly divorced at the time such marriage is contracted, can this marriage be thereafter rendered invulnerable by the filing of an appearance by the former spouse *nunc pro tunc* in the divorce action in the rendering court? In other words, can this impediment be removed by a subsequent act of the parties to the first marriage? There is no statutory provision in this State to allow such validation. However, in Nevada, under rule 60(C) of the Rules of Civil Procedure, January 1, 1953, this amendment is permissible. Upon the basis of the full faith and credit clause in the United States Constitution this court must recognize the validity of the amended Nevada decree. (Cf. *Valentine* v. *Valentine,* 280 App. Div. 795.) Accordingly plaintiff's cause of action for an annulment is dismissed.

As to plaintiff's cause of action for a separation, the court finds that this defendant is guilty of cruel and inhuman treatment. It is very evident that his course of conduct during the marriage was such that no wife could or should tolerate his actions or his language. It is crystal clear that his marriage to this plaintiff was not born of love, but rather it was a marriage to satisfy this defendant's desires. The court finds that on November 19, 1952, at the Hotel George Washington in New York City he cursed the plaintiff when she told him she was pregnant; that during the same month on repeated occasions he called his wife vile and obscene names; that in January, 1953, he refused to live with this plaintiff and failed, neglected and refused to establish a home; that on or about September 20, 1953, the defendant, without provocation, struck the plaintiff several times; that in October, 1953, the defendant held the plaintiff up to ridicule in the presence of guests; that in January, 1954, in the presence of a mutual friend, he called her vile and obscene names; that again in August, 1954, he attempted to force the plaintiff to have relations with him despite the fact that she was ill. Plaintiff finally left the defendant because of such misconduct on September 2, 1954, to live with her parents.

The plaintiff is accordingly granted a judgment of separation as prayed for in her complaint and the defendant's counterclaim for separation is dismissed on the merits.

For reasons of her own the plaintiff has declined to accept any alimony from the defendant at this time. Under the

circumstances in this case the court most certainly would have provided for her support had she not so declined. She may, of course, move at any future time for an inclusion of such provision in the judgment. The question of plaintiff's counsel fees having been referred by Special Term to the trial court, this court allows her the sum of $500 as and for such counsel fees.

This decision shall constitute the finding of the court pursuant to section 440 of the Civil Practice Act. Let judgment be entered accordingly.