■ SHIRLEY V. L. OPPENHEIMER, Appellant-Respondent, v. ARMAND M. OPPENHEIMER, Respondent-Appellant.— Judgment granting plaintiff wife a separation unanimously modified on the law, the facts, and in the exercise of discretion, to increase the permanent alimony from $50 to $60 per week and make the provision for such payments retroactive to the date the action was begun, with credit, however, to defendant husband for payments he has made since such date for the support of the wife pursuant to the purported separation agreement or otherwise, and the judgment is otherwise affirmed, with costs to plaintiff wife. The findings of fact and conclusions of law are modified to delete the references to irrationality in finding " Twenty-First ", and conclusion (1), and to accord with the decision of this court with respect to the allowance of permanent alimony, and, as thus modified, are affirmed. The record amply supports the original determination by the Trial Justice contained in

his opinion allowing permanent alimony in the amount of $60 per week. Neither in the trial record nor otherwise is there fact or circumstance to require a lesser allowance. Moreover, the record supports the conclusion that defendant's actual income is greater than he admits. The circumstances of the case also suggest that the alimony allowance should be made retroactive. The testimony of the wife's former psychiatrist was improperly excluded. By her proof she put her mental state into issue. Moreover, on the trial, with respect to the hospital records there was a waiver of any medical privilege. Such a waiver is complete (*Capron* v. *Douglass*, 193 N. Y. 11; *Morris* v. *Railway Co.*, 148 N. Y. 88; Richardson, Evidence [8th ed.], §§ 453–454). The exclusion, however, was neither material nor prejudicial. Under the pleadings, and on the proof, it is evident that the only ground for nullifying the effect of the papers signed by the wife in May, 1957, was not that she was in such a psychotic state that she was incapable of understanding the circumstances or performing a voluntary act. Rather, a quite permissible ground was that her mental condition, which, at the very least, was that of grave neurosis, together with the dire circumstances in which she found herself, were exploited by the husband to bring undue pressure upon the wife to sign such papers. The trial court, in its opinion, so held, and this court concurs in that finding. Consequently, the psychiatrist's testimony would have added nothing, nor, giving the proffer of proof full credit, would it suggest a change in the determination reached. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Noonan, JJ. [20 Misc 2d 248.]