■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS G. QUINONES, Appellant, v. FRANCIS O'NEILL, as Senior Director Central Islip State Hospital, Respondent.— Motion by appellant for a transcript of the stenographer's minutes of a hearing upon his application for a writ of habeas corpus, which was dismissed. Motion denied without prejudice to an application, pursuant to section 1493 of the Civil Practice Act, to the court or Justice before whom the hearing was held, on notice to the County Attorney of Suffolk County, for such transcript. Since appellant has been permitted by this court to prosecute his appeal as a poor person, the provisions of said section require that his application to obtain a transcript of the minutes at county expense shall be made before the court or Judge before whom the hearing was held. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ KATHERINE M. CERNAK, Appellant, v. WILLIAM CERNAK, Respondent.— In an action (1) to set aside a separation agreement and (2) for a judicial separation, the plaintiff wife appeals from an order of the Supreme Court, Nassau County, dated October 24, 1960, granting defendant's motion, made pursuant to subdivision 4 of section 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that on its face it does not state facts sufficient to constitute a cause of action. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, the complaint sufficiently pleads a cause of action to set aside the separation agreement (cf. *Pomerance* v. *Pomerance,* 301 N. Y. 254, 256; *Galusha* v. *Galusha,* 138 N. Y. 272, 284). Plaintiff has pleaded facts which may be held sufficient to excuse her failure to tender to defendant the balance of the consideration for the agreement remaining in her hands, as a condition precedent to the bringing of her action. If it shall appear on trial that a return of such consideration is required for an equitable disposition of the issues, an appropriate judgment may be entered after the facts have been determined. Defendant's time to serve his answer to the complaint is extended until 20 days after entry of the order hereon, or until such other date as may be mutually fixed by the parties. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.

■ LAWRENCE DE VEGLIO, Plaintiff, v. CASCADE INDUSTRIAL UNIFORM SUPPLY CO., INC., Defendant and Third-Party Plaintiff-Respondent. TRUNZ, INC., Third-Party Defendant-Appellant.— In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Nassau County, dated August 24, 1960, denying its motion, pursuant to section 193-a of the Civil Practice Act and rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the third-party complaint. Order reversed on the law, with $10 costs and disbursements, and motion granted. No questions of fact were presented or considered. Under the complaint in the main action, which cannot reasonably be interpreted as including an allegation of passive negligence, the third-party plaintiff may be held liable only upon proof that it was guilty of active negligence in creating the condition which is alleged to have caused the accident. Consequently the third-party complaint does not state a cause of action for indemnity against the third-party defendant (*Putvin* v. *Buffalo Elec. Co.,* 5 N Y 2d 447). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.