Sidney A. Fine, J.
Defendants move for summary judgment in this action dismissing the amended complaint, seeking rescission of a separation agreement. Plaintiff asks for judgment declaring said agreement null and void.
Plaintiff’s first cause of action is based upon his contention that the separation agreement is void because of lack of consideration, and upon his allegation that he entered into the *906 agreement under “ the mistaken notion that he was married to defendant Fisher and was obligated to support her”. In his second cause of action plaintiff alleges that the agreement is void as against the public policy of this State.
Defendants allege that plaintiff obtained a Florida divorce from his first wife on July 26, 1946 (he married defendant on Jan. 7, 1947). Plaintiff’s first wife obtained a judgment of divorce against plaintiff in the Supreme Court, Bronx County, on July 22, 1948. Defendant Fisher was not made a party to that action. Defendant Fisher, in January, 1962, instituted an action for separation and to declare a Mexican divorce obtained by plaintiff against her in January, 1961, invalid. Following a temporary order awarding defendant support and maintenance, said action was settled and discontinued with the execution of the separation agreement now in issue.
The disposition of these motions depends upon the answer to the vital question of whether or not the separation agreement was made as an inducement to divorce and therefore void under section 51 of the Domestic Relations Law.
The undisputed statements of fact set forth in the record establish that a condition of and consideration for the separation agreement was a contemporaneous agreement of the parties that a divorce would be obtained. The agreement provided: 1 ‘ In the event that the parties hereto are still united in the bonds of matrimony on the 1st day of March, 1963 then it is mutually agreed that all of the terms, convenants and agreements herein contained shall cease to be binding upon either of the parties for any purpose, and they shall be at liberty to readjust their differences or to resort to any and all other remedies at law or in equity, it being further understood and agreed that the parties shall then have all of the rights and remedies at law or in equity to which they were entitled immediately preceding the execution of this agreement.” To accomplish the purport of their understanding, the defendant signed a power of attorney dated December 14, 1962 (the execution date of the agreement) authorizing a Mexican attorney to commence an action for divorce against the plaintiff in Mexico. Such action was in fact instituted the following day, December 15, 1962, and culminated in a final decree of divorce on December 18, 1962, four days after the execution of the agreement.
Certainly the record, taken as a whole, establishes without contradiction that the parties intended that the agreement was integrated with the understanding and intention that the relationship between the parties be dissolved immediately. Clearly there are no triable issues raised.
*907 Defendants’ motion for summary judgment is denied and summary judgment is granted in favor of the plaintiff declaring the agreement of December 14, 1962 to be null and void (Viles v. Viles, 14 N Y 2d 365 [July 10, 1964]).