Bernard S. Meyer, J.
In her first cause of action plaintiff seeks a declaratory judgment that she is the wife of defendant and that a Mexican divorce obtained by him is of no force and effect; in the second cause of action .she asks that a separation agreement executed by her be cancelled and set aside. An affirmative defense of consent to the Mexican divorce and estoppel is alleged by defendant. Judgment will be entered on the first cause of action declaring the Mexican divorce valid and binding upon plaintiff, and dismissing the second cause of action in the exercise of discretion.
Except for testimony concerning the law of Mexico, most of the facts have been stipulated. Plaintiff and defendant were married in 1933 and separated February 16, 1957. In April, 1957 plaintiff began a separation action in Nassau County Supreme Court. A separation agreement dated June 12, 1957 was entered into providing for the payment of $7,500 to plaintiff in discharge of all obligations of defendant, the consideration to be held in escrow until plaintiff obtained a divorce. Shortly thereafter plaintiff commenced an action for divorce in Chihuahua, Mexico, through Mexican attorney Trias retained by her for that purpose. No evidence concerning the nature of the retainer of attorney Trias or whether a power of attorney was furnished him has been presented. Defendant, by power of attorney dated June 12, 1957 authorized his appearance in that action by Mexican attorney Flores. By telegram dated August 20, 1957 and confirming letter dated. August 21, 1957, plaintiff’s New York counsel instructed attorney Trias to dismiss and discontinue plaintiff’s Mexican action. Plaintiff never appeared personally in Mexico.
On or about September 27, 1957, defendant filed with the Chihuahua court a complaint for divorce from plaintiff, without plaintiff’s knowledge or consent. On October 8, 1957, defendant personally appeared in Juarez and signed the Book of Residence and personally appeared in court and presented his complaint. On October 11, 1957, a decree of divorce was granted to defendant by the Mexican court. The decree recites that service on plaintiff was made by serving attorney Trias who had commenced her proceeding. In October, 1957, plaintiff served her complaint in the Nassau separation action and *665 brought suit in the Nassau County District Court against the escrow agent for the moneys held under the June 12, 1957 separation agreement. The court takes judicial note of the fact that in the District Court action plaintiff’s motion was dismissed on jurisdictional grounds and in the separation action, an order was made awarding plaintiff $35 per week as temporary alimony. Negotiations between the parties were then resumed and on March 25, 1958, a second separation agreement was executed by the parties. It recited the October 11, 1957 decree obtained by the husband in Mexico. Under the agreement defendant undertook to pay plaintiff $5,500 plus $25 per week for a period of five years which the wife accepted in full satisfaction of her right to support, and it was agreed that either party could sue for absolute divorce in any competent jurisdiction because of any past or future fault on the other’s part” and that the agreement should be incorporated by reference but should survive the decree.
On March 25, 1958 plaintiff executed a power of attorney authorizing attorney Trias to appear for her in the Chihuahua action ” and to state in my name my complete conformity with the judgment which was pronounced in the same action for absolute divorce, and therefore accepting the same in its entirety as a final judgment ”. Trias made such appearance on April 7, 1958, and on April 10, 1958, the Chihuahua court appended to its October 11, 1957 judgment a decision reciting plaintiff’s appearance and submission and “ accepted in its entirety the pleading of the defendant [plaintiff in this action] Louise Hytell, ordering that the said pleading in this divorce action be recorded in the record of this Court.” Neither plaintiff nor defendant personally appeared in Mexico between April 7, 1958 and April 10, 1958. All of the weekly payments required by the March 25, 1958 separation agreement have been made by defendant. Neither the October 11, 1957 Mexican decree nor the April 10, 1958 decision make any reference to a separation agreement between the parties. The present action was commenced November 16, 1961.
Mexican decrees are recognized in this State if ‘ ‘ the petitioning spouse has appeared in person and the answering spouse in person or by attorney” (Rosenstiel v. Rosenstiel, 21 A D 2d 635, 638 and cases cited). In the proceeding in which defendant’s decree of divorce was obtained, defendant appeared in person in September, 1957 and plaintiff by attorney in April, 1958. A good deal of plaintiff’s argument has been directed to the invalidity of service of defendant’s Mexican complaint upon attorney Trias. Plaintiff has failed to sustain her burden *666 in this respect since she has produced no evidence concerning Trias’ authority and has made no showing that Mexican laAV does not authorize service upon him of a complaint relating to the same .subject matter for AAdiich plaintiff retained him to begin action in Mexico, as Avould be the case in New York, CPLR 303. But even if it be assumed that service of the Mexican complaint on Trias Avas not authorized, the Mexican decree is not invalid. Plaintiff argues that Mexican laAV does not recognize a nunc pro tunc order and the experts for both parties so testified. The April 10, 1958 decision in the Mexican proceeding was not a nunc pro tuno order, hoAvever, but the recording of plaintiff’s submission to the court. The court finds, as defendant’s expert testified, that under article 395 of the Code of Civil Procedure of Mexico, the judgment of divorce, even if originally defective, became res judicata by judicial declaration because expressly consented to by plaintiff through her attorney acting under a power of attorney conforming to the requirements of article 395. The fact that neither party appeared in Mexico in April, 1958 has no bearing since Mexican law did not require such appearance and Nbav York law requires nothing more than an appearance by one of the parties to the proceeding, which took place in September, 1957. That defendant’s personal appearance and plaintiff’s appearance by attorney took place in two stages rather than one furnishes no reason for refusing to accord to a decree binding upon plaintiff under Mexican law recognition under New York law (Valentine v. Valentine, 280 App. Div. 795; see Matter of Rhinelander, 290 N. Y. 31; Chusid v. Chusid, 207 Misc. 1039).
Nor does the prohibition of .section 5-311 of the General Obligations Law against a “ contract to alter or dissolve the marriage ’ ’ prevent recognition of the Mexican divorce decree. If it be assumed that the escrow provision of the June 12, 1957 arrangement Avould have tainted a divorce procured by plaintiff, it is nonetheless true that plaintiff’s action was discontinued and, as has been shown above, it is not necessary to rely upon plaintiff’s having instituted that action to validate defendant’s divorce decree. That decree resulted from an action brought by defendant, not plaintiff. The 1958 separation agreement was not expressly conditioned upon plaintiff appearing in defendant’s Mexican action. Except as inferences may be drawn from the fact that the 1957 agreement was conditioned upon plaintiff bringing a Mexican action and from the fact that the power of attorney which authorized Trias’ April 7, 1958 appearance was executed on the same day as the 1958 separation agreement, there is no evidence that the *667 parties contracted to dissolve their marriage. The court concludes that it should draw no such inference from the 1957 agreement. A number of changes in the relationship between plaintiff and defendant occurred after plaintiff discontinued her Mexican action; plaintiff changed counsel and vigorously litigated her rights against defendant, obtaining a temporary alimony order. Clearly the atmosphere in which the 1958 separation agreement was executed was not one of collusion. Nor is the fact that the 1958 separation agreement and power of attorney were executed on the same day sufficient to sustain a finding of collusive violation of section 5-311 of the General Obligations Law (Matter of Rhinelander, supra; Rosenstiel v. Rosenstiel, supra; Yates v. Yates, 183 Misc. 934, 938; cf. Fisher v. Fisher, 43 Misc 2d 905). Without such a finding Viles v. Viles (14 N Y 2d 365) is inapplicable.
On the cause of action to set aside the March 25, 1958 separation agreement, plaintiff fares no better. During the trial the complaint was amended to allege that plaintiff had expended all sums received by her under the separation agreement for necessary support and on the evidence presented, the court so finds. While section 5-311 of the General Obligations Law proscribes a contract “ to relieve the husband from his liability to support his wife ”, that provision does not necessarily invalidate a contract providing for a lump sum plus periodic payments over a fixed number of years (Rubinfeld v. Rubinfeld, 264 App. Div. 888, app. dsmd. 289 N. Y. 838; Levy v. Dockendorff, 177 App. Div. 249). Here, as in the Rubinfeld case, the “ agreement between the parties was valid as measuring the support to be provided by defendant for five years, but in so far as the agreement purported thereafter to exempt him from his duty to provide continuing support for plaintiff, it was invalid ’ ’. Invalidity of the provision exempting defendant is of no moment, however. Defendant’s obligation prior to the Mexican decree has been carried out, and after that decree was validated by plaintiff’s appearance he had no obligation to support her. Since no useful purpose will be served by declaring invalid the exemption provision of the separation agreement, the court in the exercise of discretion will decline to do so (see Lake v. Lake, 136 App. Div. 47). The foregoing constitutes the decision of the court pursuant to CPLB 4213, subd. (b).