Arnold L. Fein, J.
In this action to recover $10,000 allegedly due under a separation agreement, plaintiff, former wife of *576 defendant, moves for summary judgment pursuant to CPLR 3212. Defendant opposes the motion upon the ground that there is a triable issue as to whether the separation agreement is contrary to public policy and null and void, as pleaded in his answer, because the parties allegedly entered the agreement upon the understanding and condition that plaintiff would obtain a divorce from defendant. Defendant argues for an opportunity to prove, on the trial, that the true consideration for the separation agreement was the alleged collateral agreement between the parties to obtain a divorce.
On April 10,1964, plaintiff and defendant, then being husband and wife, but living separate and apart, entered into the separation agreement in suit, providing among other things that defendant would pay plaintiff $5,000 upon execution of the agreement (which was paid), and $10,000 on or before December 31, 1964 or sooner, if a house in defendant’s name, but occupied by plaintiff, was sooner sold or transferred. The property was sold, but defendant has refused to pay plaintiff the final $10,000. Hence, this lawsuit.
Pursuant to the separation agreement, plaintiff released her dower rights in said realty, discontinued a Supreme Court proceeding to impress a trust thereon, and cancelled a lis pendens filed in connection therewith.
Paragraph Eighteenth of the separation agreement provides: “ In the event by April 29, 1964, the parties are and remain married, then, this agreement shall be cancelled, and null and void ab initio ’
The defense, asserting this provision to be invalid, must be stricken. (Butler v. Marcus, 264 N. Y. 519; see Matter of Rhinelander, 290 N. Y. 31.)
The separation agreement was dated and executed on April 10, 1964. Five days later, April 15, 1964, plaintiff obtained a decree of divorce from defendant in Mexico, on her personal appearance, defendant appearing by counsel. Defendant does not question the validity of the Mexican divorce decree. Nor could he now do so with any prospect of success. (Wood v. Wood, 16 N Y 2d 64; Rosenstiel v. Rosenstiel, 16 N Y 2d 64.)
Accordingly we need not tarry to discuss the jurisdiction of the Mexican court to render the divorce decree. As provided in the separation agreement, and recited in the Mexican divorce decree, the agreement was incorporated in the Mexican decree, but survives and was not merged therein. Since we are now required to recognize the Mexican decree of divorce (Wood v. Wood, supra; Rosenstiel v. Rosenstiel, supra), logic demands *577 recognition of all its contents, including the separation agreement, “incorporated” and “ approved ” therein.
Defendant, seeking to avail himself of all the benefits of the divorce decree, while attempting to avoid its burdens, asserts the agreement violates the General Obligations Law (§ 5-311; formerly in Domestic Relations Law, § 51), relying on Viles v. Viles (14 N Y 2d 365); Niman v. Niman (15 Misc 2d 1095, affd. 8 A D 2d 793) and Fisher v. Fisher (43 Misc 2d 905). These cases merely carry out the statutory prohibition against a contract “to alter or dissolve” a marriage or “to relieve the husband from his liability to support his wife ’ ’. In determining that a separation agreement, apparently valid on its face, does violate the statute, the courts have considered evidence that there was overreaching or that the wife is to obtain greater benefits than a matrimonial court might award. (Schley v. Andrews, 225 N. Y. 110; Niman v. Niman, supra; see Yates v. Yates, 183 Misc. 934, and the dissenting opinion in Viles v. Viles, supra.) Even if Viles and Fisher be construed as requiring a finding of invalidity where the evidence establishes a collusive collateral agreement, no such showing is made here.
It is not enough to assert that the separation agreement and powers of attorney were executed the same day. (Hytell v. Hytell, 44 Misc 2d 663, 667.) No reason appears why defendant in this kind of action should not be held to the usual standard requiring a factual showing of a triable issue to defeat a motion for summary judgment. The evidence in Viles and Fisher, and even in Niman, was sufficient to support the conclusions of invalidity reached there. No such evidence is even suggested here.
However, even if available, such evidence could not be considered. The law has long been settled that a decree of divorce granted by a court of another State having jurisdiction of the parties and subject matter is not subject to collateral attack, despite the fact that it was obtained pursuant to an agreement facilitating the divorce. (France v. France, 79 App. Div. 291; Hoyt v. Hoyt, 265 App. Div. 223, mot. for lv. to app. den. 290 N. Y. 931.) So too a separation agreement incorporated in and approved by a decree of divorce of a sister State is not subject to collateral attack in our courts, despite provisions for survival of the agreement. (Fry v. Fry, 279 App. Div. 122, affd. 304 N. Y. 889; Schacht v. Schacht, 295 N. Y. 439.) Flood v. Thiesing (298 N. Y. 700), cited by defendant is not to the contrary, the agreement not having been incorporated in the foreign decree. (See Hughes v. Hughes, 12 A D 2d 53, affd. 9 N Y 2d 1008.) *578 Since the Mexican decree, incorporating and approving the agreement is not here questioned and could not be (Wood v. Wood and Rosenstiel v. Rosenstiel, supra) its recognition precludes attack on the agreement. (Fink v. Goldblatt, 18 A D 2d 629, affd. 13 N Y 2d 957; see Fry v. Fry, supra; Werber v. Werber, 47 Misc 2d 399.) In Viles and Fisher, the agreement was neither incorporated in the decrees nor made part thereof. Here, the agreement was incorporated in and made part of the Mexican decree which approved the agreement. The issue of the validity of the agreement was available and might have been litigated before the Mexican court. The Mexican decree estops attack on the agreement. The estoppel of the judgment extends to any material matter within the issues which was or might have been litigated, including the separation agreement incorporated in and approved by the Mexican court, in which defendant appeared. (Stewart v. Stewart, 198 App. Div. 337; Frost v. Frost, 260 App. Div. 694; Hoyt v. Hoyt, 265 App. Div. 223, mot. for lv. to app. den. 290 N. Y. 931, supra.) The issue is res judicata between the parties. (Stewart v. Stewart, supra; Frost v. Frost, supra.) It is immaterial that the foreign decree was that of another country, rather than that of a sister State. (Fink v. Goldblatt, 18 A D 2d 629, affd. 13 N Y 2d 957, supra; Neuman v. Neuman, 44 Misc 2d 232; Novick v. Novick, N. Y. L. J., Oct. 15, 1964, p. 16, col. 2, affd. N. Y. L. J., March 19, 1965, p. 15, col. 7; Werber v. Werber, 47 Misc 2d 399, supra; Baylek v. Baylek, 25 Misc 2d 391; McLinden v. McLinden, 286 App. Div. 1033.)
Here defendant husband obtained a release of plaintiff’s dower rights, a termination of her action to impress a trust on the real property and a cancellation of a lis pendens on the property, enabling defendant to sell the property, in return for his agreement to pay plaintiff part of the consideration. The arrangement might be considered a property settlement, and as such is binding on the husband after its incorporation in the foreign decree. (Graham v. Hunter, 266 App. Div. 576.)
That plaintiff wife waived her right to support is immaterial. She does not now seek alimony or support. Even if the $15,000 be regarded as a lump sum payment, this does not necessarily invalidate the agreement. (Rubinfeld v. Rubinfeld, 264 App. Div. 888, app. dsmd. 289 N. Y. 838; Hytell v. Hytell, 44 Misc 2d 663, supra.) In any event, such a defense would not lie in the mouth of the husband. (Kyff v. Kyff, 286 N. Y. 71.) Moreover, the parties being divorced, defendant has no obligation to support plaintiff, absent a provision to that effect in the decree of divorce, which husband does not seek to impugn.
*579 Defendant’s answer is stricken and summary judgment granted in favor of plaintiff. The Clerk is directed to enter judgment in favor of the plaintiff and against defendant in the sum of $10,000 with interest from December 31,1964. Ten days’ stay.