Louis B. Heller, J.
In this conversion divorce action, based upon a separation agreement, defendant wife moves to dismiss the complaint principally upon the ground that the separation agreement ‘ ‘ is void on its face and a nullity, ab initio * * * precluding the maintenance of this action ’ ’. Defendant further moves, in the alternative, for a stay of prosecution of this action ■ or consolidation with a prior pending action instituted by defendant in New York County, primarily to rescind the separation agreement and for support of herself and their children. Plaintiff cross-moves for an order consolidating defendant’s action with this action.
The separation agreement was entered into during the pendency of a separation action, instituted by wife. The agreement was drafted by her attorney after negotiation and discussion between the parties and their attorneys. In substance the agreement provided for support of their children in an amount which they deemed adequate by virtue of husband’s gross earnings of $135 weekly, for wife’s waiver of support because of her substantial earning capacity and for a settlement and division of their property, with wife realizing approximately $18,000 from such division.
The basic issue presented to this court is, does the wife’s waiver of support so taint the separation agreement £ ‘ in its entirety, with illegality,” as to render it “ void ”, ££ the equivalent of no agreementand bar predicating thereon a divorce action pursuant to subdivision (6) of section 170 of the Domestic Relations Law. It is to be noted that section 170 of the Domestic Relations Law provides the ££ grounds ” upon which a husband or wife may maintain an action “ to procure a judgment divorcing the parties.” Subdivision (5) thereof .spells out the minimum period of time that the parties must have lived separate and apart pursuant to a decree or judgment of separation. Subdivision (6) substitutes for the decree or judgment “a written agreement of separation” executed with specified formalities and filed (original or memorandum thereof) in the office of the Clerk of the county of either party’s residence.
Too great stress has been placed upon the instrument, the indicia of proof of the separation of the parties, rather than *588 the fact of separation. It is not the decree, judgment, or agreement that is the essence of the ground for divorce. They age merely the documentary proof. Viewed in their proper background, they are the safeguards against a plethora of cases with an agreed state of fact that backdates the parties ’ actual separation and against bitterly disputed claims of the commencement date of their separation.
A dismissal decree in an action for separation, despite its adverse termination of the action, may, nevertheless, constitute the statutory document pursuant to which the parties have been living separate and apart. If such a decree, among its decretal provisions dismissing the action, grants custody of the children to wife at her residence which is separate from that of husband, then the decree may be used as the prescribed document attesting to their living separate and apart for the statutory period following the entry of the decree. (See Becker v. Becker, 72 Misc 2d 64; Nitschke v. Nitschke, 66 Misc 2d 435.)
As was stated by Chief Judge Fuld in Gleason v. Gleason (26 N Y 2d 28, 37): “ Reasonably and sensibly read, the statute, as a whole, points the construction that all that has to be proved is that there is some kind of formal document of separation ”.
Thus, if the provision for waiver of support does not so taint the agreement with illegality as to bar any suit thereon, then it must be accepted as the “formal document of separation ”. Neither section 5-311 of the General Obligations Law nor its predecessor, section 51 of the Domestic Relations Law, declares any agreement to be illegal if it “ relieve [s] the husband from his liability to support his wife.” Both statutes merely declare that the nonsupport provision is interdicted and void, not the agreement in which it is contained. Hence, if the entire agreement deals merely with the parties’ separation and the nonsupport of the gainfully employed or employable spouse, then there is nothing left to give the agreement life. However, where there are other provisions in the agreement, such as support of children, rights of inheritance, insurance, and other benefits which, in good conscience, must be preserved and enforced, that agreement survives the elimination of the nonsupport provision and that agreement must then be construed to comply with the statutory requirement of a “formal document of separation” (see Ferro v. Bologna, 31 N Y 2d 30).
Defendant further seeks a dismissal of the complaint upon factual considerations, all disputed by plaintiff; namely, the degree of plaintiff’s performance of all of the terms of the separation agreement and the actual commencement of their living *589 separate and apart. These are issues best determined upon a trial and should not be summarily disposed of on affidavits.
With respect to defendant’s motion for consolidation and plaintiff’s cross motion for consolidation, defendant commenced her action first. Plaintiff interposed an answer with an affirmative defense and counterclaim in wife’s action in New York County but sought no matrimonial relief, though a request for such relief was permissible in her action (see Cecil v. Cecil, 198 Misc. 653). There was no reason for plaintiff to bring a separate action for divorce in this county. Moreover, plaintiff did not seek to protect his rights for a change of venue to this county as required under CPLB 511. This court will not tolerate two separate actions with two separate trials where the parties and the basic issues are the same in each action.
Accordingly, defendant’s motion is granted to the extent of consolidating this action with her pending action in New York County and in all other respects denied, and defendant’s cross motion is denied.