Simon J. Liebowitz, J.
Plaintiff husband brings an action for “ conversion divorce ” pursuant to subdivision (6) of section 170 of the Domestic Relations Law, based upon a separation agreement executed by the parties on June 30, 1972 and thereafter filed in the office of the Clerk of this court.
Defendant wife interposes as a defense to the action that the separation agreement is inadequate as to support and that a lump-sum settlement is void insofar as it is in violation of section 5-311 of the General Obligations Law. Further, defendant wife, by way of counterclaim, seeks to set aside the separation agreement based upon her present needs.
In. accordance with the agreement, the defendant wife relinquished to plaintiff husband all her interest in the marital residence, a tenancy by the entirety, in return for which she received $9,150. In addition, the wife received $1,500 toward the first month’salimony ’■’ plus counsel fees on July 1, 1972, and $1,000 every month thereafter for 23 months. Commencing July 1,1974 she is to receive $250 per month for 12 consecutive months. The aforesaid payments will equal the sum of $27,500 *633 and thereafter the husband’s obligation for the support of his wife is to cease.
The agreement further provides that it ‘ ‘ shall not be merged in the decree and shall survive the same and shall be binding and conclusive on the parties for all time.”
The essential facts are undisputed. The parties were married op August 8, 1968 in Brooklyn, N. Y. There are no issue of the marriage. The plaintiff was and is a resident of the City of New York for a continuous period of more than two years prior to thé institution of this action. The separation agreement was negotiated between the parties and their respective attorneys, and at the time of its execution both parties were satisfied with the provisions for defendant’s support. No claim of inadequacy or invalidity of the support provision was made during plaintiff’s performance and observance of the terms of the agreement prior to the institution of this action.
However, the wife’s affirmative defenses are predicated upon her continuing medical problem with its attendant economics. It is undisputed that the wife continues to receive psychiatric care and attention, and that such care was . received before and during the marriage and at the time of the execution of the agreement, all of which was known to the husband. The wife does earn $150 per week and has about $5,000 worth of other personal assets; but she claims that because of debts (approximately $2,500) and her medical costs (she sees her psychiatrist twice a week), she will be unable to cope with her financial problem and, especially, upon the reduction of the alimony payments, effective July 1, 1974 from $1,000 per month to $250 per month, and thereafter, when all the payments under the agreement cease.
The issues before the court are: (1) whether the lump-sum payment contained in the agreement and paid to the wife over a term of years is in violation of section 5-311 of the General Obligations Law and therefore void; and (2) whether the agreement may, even if the support provision therein be void, be enforced and used as the “ formal doctrine of separation ” upon which a divorce may be predicated (see Gleason v. Gleason, 26 N Y 2d 28, 37).
It is generally true that a lump-sum payment to a wife in return for a release of the husband from all future liability for the wife’s support would be subject to attack as an invalid support provision (Kyff v. Kyff, 286 N. Y. 71; Jackson v. Jackson, 290 N. Y. 512). It is also true that even a valid subsisting separa *634 tion agreement containing regular, substantial and periodic payments to the wife, and which is made to survive the decree, may be modified and increased as to payments where the wife “ is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge ” (McMains v. McMains, 15 N Y 2d 283, 285).
However, in the instant case, the defendant’s complaint is that in futuro, and based upon her current need, the reduction of the monthly payment from $1,000 to $250 and thereafter to none at all, will deprive her of necessary support. But on such contention, as was stated by the court in Ripley v. Ripley (30 A D 2d 782, affd. 24 N Y 2d 771): “ The parties entered into a separation agreement, each side being represented by counsel. Presumably, the provisions for the support of the wife were satisfactory to the wife and to ¡the counsel at the time the agreement was signed. The courts may not upset the arrangement entered into between the parties, unless it be shown that the agreement • relieved the husband of his obligation to support his wife, or that the provisions for the wife’s support were wholly inadequate for her maintenance (See Dolan v. Dolan, 296 N. Y. 860; cf. McMains v. McMains, 15 N Y 2d 283.) There has been no showing that the agreement entered into between the parties was such as would tend to relieve the husband of his obligation to support his wife, or that the provisions made for the wife were inadequate for her maintenance and support. * * * The agreement need not presently be considered void or voidable ” (emphasis supplied). .
Moreover, it is only when the measure of support ceases to comply with the statutory rights of a wife that the agreement becomes subject to attack. In Rubinfeld v. Rubinfeld (264 App. Div. 888, app. dsmd. 289 N. Y. 838), the court held that where a husband made certain payments to his wife pursuant to an agreement for five years, which purported thereafter to exempt him from his continuing duty to support his wife, “ both the decree and the agreement would have become invalid, upon completion of the payment, in so far as they purported to exempt defendant from the duty imposed by section 51 of the Domestic Relations Law ” (emphasis supplied; section 51 of the Domestic Relations Law is the predecessor to section 5-311 of the General Obligations Law). Further, the court there held that the agreement was valid as measuring the support of the wife for the five-year period during which payments were made (see, also, Hytell v. Hytell, 44 Misc 2d 663).
*635 The defendant, in ¡the instant case, has not shown that she is in danger of becoming a public charge; nor has she established that the support., allowance received under the agreement fails to adequately provide for her needs in praesenti. Indeed, she has not submitted proof sufficient for this court to determine the amount that she requires either currently or in the immediate future for her proper support. Moreover, the defendant has not submitted adequate proof that the psychiatric care she now receives — two visits at $70 per week — is reasonably necessary; nor is there proof of the probable terminal period of such care, if any; nor is there proof of reasonable alternatives, if any, either 'as to the kind or cost of such treatment. The defendant, furthermore, has failed to show that she could not actually support herself and meet her medical needs, assuming they were required as contended, on the reduced alimony and her own income. Absent such proof, the court cannot assume the inadequacy of the reduced alimony provision and may indeed use it as a valid measure of support to be provided to the defendant, wife.
Without such proof this court is necessarily limited to permitting and preserving the defendant’s right to move to amend the judgment to be entered herein at an appropriate time subsequent to the entry thereof, for a greater support allowance than that called for by the separation agreement.
This court thus holds that the support provisions in the subject separation agreement are, at this time, valid; it is also valid as a measure of the support of the wife during the period provided therein for payments, which period continues until June 30, 1975. As heretofore indicated, subsequent to that date, she may move to amend the judgment by attacking the validity of the support provision upon completion of the payments; or earlier, if she can show she is actually unable to support herself .on the amount allowed or is in danger of becoming a public charge (see Ripley and McMains, supra).
While we are not required to resolve the second issue, since we have already held that the support provision is, at this time, valid, nevertheless, the court will direct its 'attention thereto, and hold that even if the support provisions were void (and we hold otherwise, as above noted), the agreement could be used and enforced as “ the formal doctrine of separation ” upon which a divorce decree may be predicated (Gleason v. Gleason, 26 N Y 2d 28, supra).
The tendency of the courts to refer ¡to separation agreements that provide for a release of a husband from his obligation to *636 support, either because of a wife’s financial self-sufficiency oj because of lump-sum purchase of immunity, as “ void ” or “ illegal ”, must be read in the context of such declarations. In each of the numerous authorities denouncing such an agreement, the issue before the court was the validity of the support provision (see Hummel v. Hummel, 62 Misc 2d 595). But the invalidity of the support provision does not of itself so taint the entire agreement as to render it illegal, void ah initio, or unenforceable. Where the agreement contains valuable rights that a party may desire to preserve and obtain, the court has not hesitated to enforce the agreement (Ferro v. Bologna, 31 N Y 2d 30; see, also, Schiff v. Schiff, 270 App. Div. 845).
The separation agreement, as an instrument spelling out all the rights and obligations of the parties, is in all respects a valid contract. It is only when the measure of support ceases to comply with the statutory rights of a wife that the agreement then becomes subject to attack — and then only with respect to the support provisions thereof. (See Rubinfeld and Hytell, supra.) It may also be observed that the new divorce law, specifically, subdivision (6) of section 170 of the Domestic Relations Law, has cloaked every separation agreement between husband and wife with new and valuable rights which they may wish to preserve and obtain, by the use of such agreement as a no-fault ground for divorce, as provided in the aforesaid statute.
So long as the separation agreement may be deemed valid — and this would obtain, as heretofore stated, even where the support provision thereof is held to be invalid — it must be considered for the purposes of subdivision (6) of section 170 of the Domestic Relations Law, as the “ written agreement of separation ” and, as referred to in Gleason v. Gleason (supra), the ‘ *• formal doctrine of separation ’ ’ upon which a divorce action may be predicated (Hummel v. Hummel, supra; see, also, Markowitz v. Markowitz, 77 Misc 2d 586).
Accordingly, judgment of divorce is granted .to the plaintiff husband pursuant to subdivision (6) of section 170 of the Domestic Relations Law, which judgment shall incorporate all the terms of the separation agreement. The defendant’s affirmative defenses and counterclaims are dismissed without prejudice and with leave to the defendant wife, upon proper proof, at a time subsequent to the entry of judgment, to move to amend the said judgment to provide for her adequate support and maintenance as the circumstances shall then warrant.