■ MARTHA NAHLIK, Respondent, v JOSEPH NAHLIK, JR., Appellant.— Appeal from a judgment of the Supreme Court in favor of plaintiff, entered December 4, 1978 in Columbia County, upon a decision of the court at a Trial Term, without a jury. Plaintiff commenced this action in December of 1977 to recover arrearages allegedly due under the provisions of a separation agreement. The record discloses that: the parties were married in 1961; they executed the agreement on May 12, 1976; it provided, among other items, that defendant was to pay to plaintiff the sum of $550 per month for her support and maintenance; plaintiff obtained a divorce in August of 1976; the judgment specified that while the agreement was incorporated therein it was not merged and was to survive the decree; defendant made complete payments in accordance with the agreement until April of 1977. In answer to the claims of his former wife, defendant admitted most of the foregoing circumstances, but maintained that the monthly support provision should be denied enforcement, primarily because it was unconscionable. Plaintiff's motion for summary judgment was denied and a trial of the issues was thereafter conducted before the court without a jury. After hearing their respective proofs, the trial court made certain findings and directed judgment in favor of plaintiff. Since the amount of arrearages is not in dispute,

the only question of substance presented on this appeal by defendant is whether the trial court properly rejected his defense of unconscionability. We conclude that it did. Although impliedly raised by his answer, defendant produced no evidence of fraud in the inducement or execution of the agreement. Nor do its terms suggest an inference of overreaching on the part of plaintiff. The parties were represented by attorneys of their own choice throughout the negotiations leading up to their accord, and there has been no demonstration that plaintiff concealed any significant information concerning her financial status. Despite his testimonial use of words such as "tricky", "duress" and "mental anguish", defendant's proof failed to substantiate that any form of overreaching or inequitable behavior was practiced by plaintiff in achieving the instant settlement (cf. *Christian v Christian,* 42 NY2d 63, 72, 73; *Steers v Steers,* 69 AD2d 858; *Goodison v Goodison,* 66 AD2d 923). In affirming the trial court, we also approve of its action in excluding proof of defendant's actual income during 1976, as exhibited by tax returns prepared in 1977, and his economical condition at the time of the trial. Unconscionability must be found to exist, if at all, at the time the agreement is reached and cannot be made to depend on subsequent experiences. Any other rule would violate accepted principles of contract law and eliminate the distinction between separation agreements which are truly independent and those which remain subject to later court modification (see Uniform Commercial Code, § 2-302, subd [1]; *McMains v McMains,* 15 NY2d 283). Moreover, assuming that he was unaware of his precise financial worth at the time of the agreement in May of 1976, defendant's ignorance was purely unilateral, as it largely arose from his failure to prepare timely income tax returns for prior years. His belief that he would be able to make the negotiated payments, even if mistaken, was not induced by plaintiff and would not ordinarily justify relief from the commitment he voluntarily assumed. No inference of unconscionability appears from the contract language itself and defendant, a businessman, has failed to establish that any set of facts then existed warranting equitable interference with that appearance (cf. *Christian v Christian, supra).* Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.